JACK MAY, Appellant, *v.* NEW AMSTERDAM CASUALTY CO., Respondent.

Third Department, March 6, 1946.

*Gaylord Riggs*, attorney for appellant.

*Konheim, Halpern & Wolf*, attorneys (*David S. Konheim* of counsel), for respondent.

FOSTER, J. This is an appeal by the plaintiff from an order and summary judgment entered thereon dismissing the complaint herein. To pass upon the issues involved it is necessary to consider all of the various steps taken in their chronological order.

Plaintiff is a contractor. It is alleged that he performed work and furnished materials for the Osborne Construction Co., Inc., on a home development project in the city of Elmira and the adjacent town of Southport, Chemung County. On November 18, 1943, he filed a notice of mechanic's lien for work done and materials furnished to the construction company, and against premises alleged to be then owned by it. On November 30, 1943, the construction company filed a bond of the New Amsterdam Casualty Company, the defendant in this action, in the sum of $5,300, with a money deposit of $300 in addition, and thereupon obtained an order discharging the lien against the real property. (Lien Law, § 19, subd. [4].) The plaintiff then brought an action to foreclose his lien, and named the Osborne Construction Co., Inc., and the New Amsterdam Casualty Company as defendants. The complaint in that action was in the usual form for the foreclosure of a mechanic's lien where a bond has been given to discharge the lien, except in his prayer for relief plaintiff did not ask

that the lien be declared a valid lien at the time of its discharge, and that the surety be declared liable by virtue thereof. (*Morton* v. *Tucker*, 145 N. Y. 244.) If this action had been prosecuted against both parties to a final conclusion upon usual proof we would not regard such an error as fatal to a judgment of foreclosure. We have passed the age when practice was regarded as a game of skill and a fetish made of words. Considering the complaint as a whole this action was plainly upon the lien, and judgment was sought against the bond and the fund which took the place of the real estate against which the lien had been filed.

However before plaintiff could proceed with this action he was stayed by an order of the court and compelled to arbitrate with the construction company, because in his contract with the company he had agreed to arbitrate all of their differences. An arbitration was had and on July 25, 1944, an award was made to him of $3,600, without interest, against the construction company. Whether the bonding company took any part in this proceeding, or just what matters were arbitrated, does not appear. At any rate the validity of the lien, and whether the amount found due the plaintiff was chargeable against the bond, were matters beyond the power of the arbitrators to determine. (*Matter of Brescia Construction Co.* v. *Walart Construction Co.*, 264 N. Y. 260.) But nevertheless under the Lien Law the amount found due the plaintiff by the arbitrators was conclusive in any action to foreclose the lien (§ 35).

At this stage of the litigation the plaintiff might have had the stay against him vacated, and he could have then proceeded to put in his proof as to the validity of the lien. This would have been proper practice for he had in the action then pending as defendants both the casualty company and the construction company (*Morton* v. *Tucker*, 145 N. Y. 244, *supra*). Instead of doing this he stipulated to discontinue the action against the casualty company, and erroneously we believe. He then obtained an order for judgment against the construction company, making the award of the arbitrators in the sum of $3,600 the basis for the judgment, and upon this order a judgment against the construction company alone was entered. On its face this judgment is for a sum of money only, nothing being said in it about a lien. The order upon which it was based has, following several recitals, this language: " as a judgment entered against the defendant Osborne Construction Co., Inc., upon the mechanic's lien therein sued upon.'' In framing the judgment, however, this language was omitted. Other than some state-

ments in the opinion of the court below it does not appear in the record before us whether any proof was taken before the court to sustain the order and the judgment entered thereupon. All that does appear is that the order and judgment were granted upon notice to the Osborne Construction Co., Inc., in the form of an order to show cause. Upon this judgment plaintiff brought the present action, in which his complaint has been dismissed against the casualty company for a money judgment. The court below has held that the judgment entered in the first action was for a sum of money only, and not a judgment in favor of the lienor for the enforcement of the lien. It has also held that such a judgment is not sufficient to charge the defendant casualty company in the present action upon its bond because its obligation thereunder was only to pay a judgment in favor of the lienor for the enforcement of the lien. From a technical viewpoint this decision may be correct. Nevertheless we feel that a rather clear right of the plaintiff has been placed in jeopardy by mere errors of procedure and that in the interests of justice he should not be deprived of an opportunity to establish the validity of his lien. We see no reason why he should not be permitted to litigate such an issue upon a proper complaint in the present action. It is true that the complaint in the present action is merely one to recover against the casualty company upon the judgment entered in the previous action, but the complaint may be amended by appropriate allegations to include the issue of the validity of the lien at the time of its discharge. It may also be necessary to bring in again as a party defendant the construction company (Lien Law, § 44). Judgment for a debt is not a bar to foreclosure. (*Pearce* v. *Kenney,* 152 App. Div. 638.)

In the interests of justice we are constrained to reverse the order and judgment of dismissal of the complaint herein, and to permit the plaintiff to amend the same, if he is so advised, within twenty days after the entry of an order of reversal, with leave to the defendant to answer within twenty days after the service of such amended complaint. This decision is without costs as to either party.

All concur.

Order and judgment reversed on the law and facts, without costs. Plaintiff may amend his complaint, if he is so advised, within twenty days after the service of a copy of the order to be entered hereon with notice of entry, with leave to defendant to answer same within twenty days after the service of such amended complaint.