D. Ormonde Ritchie, J.
Plaintiff moves, pursuant to rule 109 of the Rules of Civil Practice, for an order striking out an alleged defense and counterclaim from the answer interposed by the defendant Underhill Construction Corporation, on the grounds that on the face thereof the defense is insufficient in law and the counterclaim does not state facts sufficient to constitute a cause of action. A close reading of sections 13, 35 and 56 of the Lien Law indicates that this motion should be granted. Section 13 provides that all liens shall be on a parity regardless of the time of filing, except as provided in section 56 of the Lien Law and in cases where the claimant is a laborer seeking daily or weekly wages. Neither of these exceptions are present here. Section 35 provides that if a lienor is compelled to arbitrate, the arbitrator’s decision as to the value of labor and materials shall be conclusive as betiveen all parties to the arbitration in any action to foreclose the lien. In this situation, the plaintiff is not a party to the arbitration and thus cannot be bound thereby. However, it should be noted that, any award made by the arbitrator is not conclusive as to the validity of a *719 mechanic’s lien, or as to whether the amounts so found due are chargeable against a surety who has bonded the lien. Implicit in these two latter statements of law is the fact that a mechanic’s lienor must proceed to foreclose his lien despite the fact that he elects to arbitrate or is compelled to do so. In fact subdivision 5 of section 44 of the Lien Law, expressly provides that in the event a lienor does not ask for the foreclosure of his lien in his answer, his lien is waived. Accordingly, the motion is granted with leave to the defendant Underhill Construction Corporation to serve an amended answer.