Nicholas M. Pette, J.
This is an application by a general contractor to stay a subcontractor from proceeding “ except through arbitration.” In effect the movant seeks to vacate a notice of mechanic’s lien which was filed by the subcontractor when the contract between the parties provides that such subcontractor “ waives and releases the filing of any lien or claims and all right of lien now existing or that may hereafter arise for Work or labor performed or materials furnished under this contract * * * ” and there is a provision for arbitration of ‘ ‘ Any dispute or claim arising out of, or relating to this agreement or the breach thereof.”
Aside from the fact that there is no power to discharge the lien except in the manner provided in section 19 of the Lien Law, it appears that the contract between the parties also provides that “ Restrictions on liens shall be void if payments *921 are not made in accordance with the above terms ” and the subcontractor claims that the general contractor never made payments on the contract in accordance with its terms and there is still an unpaid balance of $271.13.
The motion is accordingly denied. It may be noted, however, that section 35 of the Lien Law expressly provides that the filing of a notice of lien shall not be a waiver of any right of arbitration. (See, also, May v. New Amsterdam Cas. Co., 270 App. Div. 472.)
Settle order.