Harold Tessler, J.
This is an application by a former employee of the respondent, a New York corporation with its *921 principal place of business in Flushing, Queens County, Hew York, to restrain it from prosecuting an action which it instituted against petitioner on April 9, 1960, in the Court of Common Pleas of Bucks County, Pennsylvania, and for “ such other and further relief as to this Court may seem just and proper ’ ’ upon the ground that the issues therein presented are referable to arbitration under a written contract of employment, dated May 1, 1959. The order to show cause herein, dated April 11, 1960 containing a stay until 10 days after notice of entry of the order to be made hereon and the papers upon which it was granted, was served four days later.
The petitioner herein, a resident of Pennsylvania, executed a form contract prepared by the respondent, dated May 1, 1959 effective, however, on April 4,1959 pursuant to which he agreed to call on respondent’s customers and prospective customers in a specified area in Pennsylvania, for the purpose of soliciting and selling the Eutectic line of products handled by respondent and no other products which may now, or at any time hereafter, be handled by it. Said contract contained the following noncompetitive and secrecy provisions:
11 (a) You do covenant and agree that so long as you are in our employ and after you leave our employ you will not, directly or indirectly, disclose, communicate, divulge or furnish to or use for the benefit of yourself (except while you are in our employ and solely and in pursuit of your activities as our employee) or any other person, firm or corporation, the names of our customers or any of our trade secrets, designs, improvements, inventions or things belonging to us, or the designs, ideas or processes of manufacture of any product or article sold or distributed by us which may be communicated to you or which you may learn by virtue of your activities under this agreement.
“ (b) You shall not without our written consent first had and obtained, for a period of two years after your employment ceases, within the territory hereby allotted to you and the surrounding area within a radius of one hundred miles, enter the employ of or render any services to any person, firm, partnership or corporation dealing in products or a line of products which compete with any of our products, nor will you for the terms and in the territory and area aforesaid, engage in any competing business on your own account, or become interested therein as a director, principal, representative, employee or in any other relationship or capacity.”
Petitioner left respondent’s employ on February 1, 19.60 and entered the employ of a competitor selling products in the terri *922 tory proscribed as aforesaid. It was not until April 9, 1960, that the respondent instituted the action in Pennsylvania herein sought to be stayed, in which it seeks to enforce by a temporary and permanent injunction the aforesaid noncompetitive and secrecy provisions of the contract of employment, dated May 1, 1959, which it is claimed the petitioner has breached.
Paragraph 17 of the aforesaid contract expressly provides, under the heading “ INTERPRETATION ” that it “ shall be deemed to be made under and shall be governed by the laws of the State of New York in all respects, including matters of construction validity and performance.” Paragraph 15 thereof contains the following arbitration clause: “ Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by arbitration in the Borough of Manhattan, City, County and State of New York, by and in accordance with the Rules of the American Arbitration Association. Judgment on the award rendered by the Arbitrator(s) may be entered in the Supreme Court of the State of New York, County of New York, or in any court having jurisdiction thereof.”
Based upon all of the foregoing, it is the contention of the petitioner that he is entitled to have the dispute between his former employer and himself adjudicated in arbitration, as provided in said employment contract, rather than in the court action which respondent has instituted in Pennsylvania.
Upon applications to enforce arbitration, the court is not concerned with the merits of the dispute itself. The only questions before it are whether (1) the written contract providing for arbitration, or the submission to arbitrate, was made, (2) the dispute between the parties is covered by the arbitration clause or submission and (3) there was a failure to proceed with the obligation to arbitrate. (Matter of Kahn [National City Bank], 284 N. Y. 515, 523; Matter of Crossett [Mount Vernon Housing Auth.], 275 App. Div. 1051; Matter of Mencher [Abeles & Kahn], 274 App. Div. 585.)
Nothing can be clearer than that the parties to this proceeding agreed, in broad terms, to settle by arbitration ‘ ‘ any controversy or claim arising out of or relating to ” their contract “ or the breach thereof.” More than that, they agreed that their contract shall be governed by the laws of New York in all respects, including matters of construction, validity and performance, and that arbitration thereunder should take place in the Borough of Manhattan, City, County and State of New York, by and in accordance with the rules of the American Arbitration Asso *923 ciation and that judgment on the award rendered in such arbitration may be entered in the Supreme Court of the State of New York, County of New York, or in any court having- jurisdiction thereof. And there can be no question that the arbitration clause is sufficiently broad to cover the dispute between the parties as disclosed by the record presented.
This, in effect, has been conceded by respondent whose counsel indicated in oral argument his willingness to arbitrate, but only after his client has obtained a preliminary injunction in Pennsylvania, application for which was returnable on April 13, 1960. Such contention, however, overlooks the fact that arbitration is a contractual method for settling disputes by a forum created by the parties and by judges they themselves have chosen. ' (Matter of Ehrlich [Unit Frame Corp.], 5 N Y 2d 275, 279.) When parties to a contract or a submission agree to resolve any controversies thereunder by an arbitral tribunal, they agree “ to waive the rules of evidence and the inexorable application of substantive rights as well. This may not always be wise, but it is within the powers of the contracting parties, and it is the import and essence of an arbitration agreement.” (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714, affd. 309 N. Y. 709.) Merely because the respondent herein has applied for a temporary injunction in the Pennsylvania action is no reason for denying the application to restrain the prosecution of that action. This court’s conclusion that the action must be stayed, in and of itself, precludes the provisional remedy. (Simon v. Vogel, 9 A D 2d 63.)
It should be remembered that the parties have by contract bargained away their “ right to resort to the courts in matters which might be the subject of a’ civil action ”. (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, 289.) Where, as here, the dispute comes within the scope of the arbitration clause, it ‘ ‘ must be settled by arbitration, if demanded by either party.” (Matter of Baker [Board of Educ.], 309 N. Y. 551, 556.) Since the petitioner has not, by unreasonable delay in making this application and by steps taken in defending the action, waived his right to have the dispute with the respondent settled by arbitration, he is entitled to the stay herein sought under section 1451 of the Civil Practice Act. That section has been held to be “ the exclusive remedy for a person against whom an action has been brought in violation of an agreement to arbitrate.” (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 327.)
*924 Although petitioner has not, in so many words, sought herein an order to compel arbitration pursuant to section 1450 of the Civil Practice Act, upon the granting of the stay under section 1451, this court is of the opinion that under the general prayer for other relief, it has the power to issue such an order in addition to the stay. Arbitration proceedings ‘ ‘ are equitable in character, and the practice of equity as to relief should be followed. In equity proper relief is ordinarily granted when the facts warrant regardless of what may have been asked for”. (Matter of Feuer Transp. [Local No. 445], 295 N. Y. 87, 92.)
The application is granted accordingly. Settle order.