James J. Conroy, J.
The corporate defendant entered into a written contract with the individual defendants, dated July 23, 1959, to construct and to furnish the labor and materials for the construction on their land of a one-family dwelling, for which it was to he paid the sum of $44,500, in accordance with a schedule set forth in a rider appended to the contract. Because of the alleged failure of the corporate defendant to do the work properly and to complete it within the time provided in the contract, the individual defendants ultimately terminated said contract by a written notice, later extended, as provided in article 10 of such contract. Thereafter, and on or about May 12,1960, the plaintiff—a subcontractor of the corporate defendant—brought an action to foreclose his mechanic’s lien for a balance alleged to be due in the sum of $1,247.
The corporate defendant, on or about September 15, 1960, asserted a cross complaint against the individual defendants, as owners, to foreclose its alleged mechanic’s lien in the sum of *78 $25,201.51 for work, labor and services suppliéd for the construction of the dwelling, asserting- that the reasonable value of such work, labor and services was $55,861.51, on account of which payment was made in the sum of $30,660. The individual defendants, by a notice of motion served on September 30,1960, now move pursuant to section 1451 of the Civil Practice Act, to stay the prosecution of the corporate defendant’s cross complaint until arbitration can be had, in accordance with the arbitration clause set forth in article 19 of the contract, dated July 23, 1959.
The basic opposition to this application is that in order to preserve its lien the corporate defendant is compelled to foreclose it, and that inasmuch as the contract of July 23, 1959 was terminated by the owners, so was the right to arbitrate, pursuant to the arbitration clause contained in such contract. Neither of these contentions has any merit.
Section 35 of the Lien Law expressly provides that the filing of a notice of lien shall not be a waiver of any right to arbitrate, and it has been held that a lienor cannot be stayed from proceeding “ except through arbitration ” since there is no power to discharge a mechanic’s lien except in the manner provided in section 19 of the Lien Law. (Matter of R. G. R. Constr. Corp. v. Robert J. Harden, Inc., 19 Misc 2d 920.) Where the mechanic’s lienor is compelled to arbitrate, the arbitrators’ decision as to the value of the labor and materials is conclusive as between all parties, to the arbitration in any action to foreclose the lien. However, any award made by the arbitrators is not conclusive as to the validity of the mechanic’s lien, or as to whether the amounts so found to be due are chargeable against the surety who bonded the lien. (May v. New Amsterdam Cas. Co., 270 App. Div. 472 ; Cincrete Corp. v. Sansouci Realty Corp., 7 Misc 2d 717.)
Mr. Justice Foster, now an Associate Judge of the Court of Appeals, who wrote for the Appellate Division, Third Department, in May v. New Amsterdam Cas. Co. (supra), stated in his opinion that the validity of a lien, and whether the amount found due the lienor was chargeable against the bond, were matters beyond the power of the arbitrators to determine, but that nevertheless, under the provisions of section 35 of the Lien Law ‘1 the amount found due the plaintiff by the arbitrators was conclusive in any action to foreclose the lien ” (p. 474). He also noted that after the award in arbitration has been made, the lienor ‘1 might have had the stay against him vacated, and he could have then proceeded to put in his proof as to the validity of the lien ” (p. 474).
*79 As for the second contention that the arbitration clause contained in the contract fell because of the termination of the contract, in which such arbitration clause is contained, the Court of Appeals, in a unanimous decision by Judge Fuld, stated in Matter of Terminal Auxiliar Maritima, S. A. (Winkler Credit Corp.) (6 N Y 2d 294, 298) : “ It is settled that under a broad provision for arbitration, such as we have here, arbitration may be had as to all issues arising subsequent to the making of the contract. [Citations.] The so-called ‘ termination ’ or ‘cancellation,’ relied upon by Winkler to defeat the arbitral process, was nothing more or less than a ‘ termination ’ of a contract for an alleged breach or nonperformance of its terms. That does not put an end to the right to arbitrate claims accruing prior thereto, for, if it did, an arbitration clause could rarely, if ever, be carried out.”
And so, in the case at bar, the arbitration clause contained in the contract survived its termination effected in accordance with its express provisions. Since the language of the provision for arbitration is sufficiently broad to encompass the dispute presented by the cross complaint, the application of the owners — the defendants Stern — to stay its prosecution until arbitration has been had, is granted. When the arbitration has been completed in accordance with the provisions of article 84 of the Civil Practice Act, and any amount is found due to the general contractor, the latter may then proceed to put in its proof in the action as to the validity of the lien. (May v. New Amsterdam Cas. Co., supra.)
Although defendants Stern have not in so many words sought an order to compel arbitration, pursuant to section 1450 of the Civil Practice Act, upon the granting of the stay under section 1451, the court, under the general prayer for other relief, may direct arbitration to proceed in accordance with the arbitration provision contained in the contract involved. (Matter of Demchick [American Eutectic Welding Alloys Sales Co.] 22 Misc 2d 920, affd. 11 A D 2d 771.)