James J. Conroy, J.
Petitioner Robert Sober, the vice-president of petitioner Arch-Bilt Container Corp., has brought this article 78 proceeding against the president and secretary-treasurer, respectively, of said corporation, to direct them to sign checks to pay the petitioner Sober his regular salary for *525 services rendered to the corporation, lie not having been paid his regular salary for July, 1961. The respondents have made a cross application to stay the foregoing proceeding until the dispute between the parties has been arbitrated.
It is contended by the petitioners Fisher in the last-mentioned proceeding that the petitioner Scher in the article 78 proceeding is no longer entitled to be employed by the corporation in accordance with the terms and conditions of the contract involved, dated May 8,1959, and to receive the amount of salary, the payment of which he seeks by compelling them to sign checks therefor. Paragraph “18” of said contract provides: “ Any and all disputes arising out of, under, in connection with, or relating to this contract, the breach or any alleged breach thereof, including (without limiting the generality of the foregoing) the value of the stock of arch-bilt, except the question of the sale of the stock or assets of arch-bilt, as provided for in paragraph ‘ 15 ’, shall be settled by arbitration in the City of New York, before the American Arbitration Association, in accordance with its rules then obtaining, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.”
It was held in Matter of Marchant v. Mead-Morrison Mfg. Co. (252 N. Y. 284, 298): “ Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention.”
This court is of the opinion that the broad, comprehensive and unequivocal language of the foregoing arbitration clause encompasses the dispute now existing between the parties whether the petitioner Scher is any longer entitled to be employed by the corporation in accordance with the terms of the contract and to be paid remuneration as therein provided. As was noted in Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329, 334): “It has long been this State’s policy that, where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration.”
Accordingly, the article 78 proceeding, seeking as it does an order compelling the signing of corporate checks for the petitioner Scher’s salary, is stayed pending the arbitration of the afore-mentioned dispute in accordance with the arbitration clause contained in the contract of May 8, 1959, and the order *526 to be entered hereon will direct such arbitration to proceed without the necessity of a proceeding to compel arbitration pursuant to the provisions of section 1450 of the Civil Practice Act. (Matter of Demchick [American Alloys Co.], 22 Misc 2d 920, 924, affd. 11 A D 2d 771.)