William R. Brennan, Jr., J.
On June 26, 1961, the lienors filed a notice of mechanic’s lien in the sum of $6,000 against property owned by the present petitioners upon which the lienors had undertaken to erect a one-family home. The lien was discharged by the filing of an undertaking approved September 5, 1961, pursuant to an order of this court, conditioned for the payment of any judgment which might be rendered in favor of the lienors against the real property.
Thereafter, on April 9, 1962, this court made an order directing arbitration at the demand of the lienors, the contract between the parties containing a provision that: ‘ ‘ All questions that may arise under this contract and in the performance of the work thereunder, shall be submitted to arbitration”. Decision of the arbitrators of arbitrable issues is by the contract made a condition precedent to any right of action.
The owners now move to cancel the undertaking because of the lienors’ failure to commence an action or to otherwise proceed under section 17 of the Lien Law. That section, so far as here pertinent, reads: “No lien * * * shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of pendency of such action * * * is filed * * *; or unless an order be granted within one year from the filing of such notice * * * continuing such lien”. No action was in fact commenced within the statutory period, nor was a notice of pendency filed nor an order granted continuing the lien. The question for determination is whether the institution of the arbitration proceeding was a substitute for the procedures indicated in section 17. “A mechanic’s lien is a creature of statute. The provisions of the Lien Law must be strictly complied with in order to bring a mechanic’s lien into existence and to keep said lien valid and enforcible.” (Mineola Road Oil Corp. v. Walsh, 137 N. Y. S. 2d 342, 343.) The applicable section has always received a strict construction. Thus, even though an action is actually commenced within one year but a notice of pendency of the action is not filed, the lien lapses. (Noce v. Kaufman, 286 App. Div. 531, affd. in this respect 2 N Y 2d 347, 351; Mineola Road Oil Corp. v. Walsh, supra.)
*316 It follows that unless the institution of the arbitration proceedings was the equivalent of both the commencement of an action and the filing of a lis pendens within the stautory period, the relief now sought must be granted. Section 35 of the Lien Law which was added by chapter 515 of the Laws of 1929, preserves a contractual right of arbitration to a lienor despite the filing of his notice of lien. It provides that the award of the arbitrators shall be conclusive as between all parties to the arbitration in any action to foreclose a lien only as to the value or price of labor performed or material furnished. This language emphasizes that an action to foreclose the lien is a necessary procedure in addition to the arbitration. Section 35 was added to the Lien Law in 1929 by the same chapter that amended section 17. Had there been any intention on the part of the Legislature to make the institution of arbitration proceedings the equivalent of the commencement of an action, the language of section 17 would presumably have been amended accordingly. Furthermore, section 17 was again amended in 1957 and 1958 and in neither instance was the institution of arbitration proceedings made a condition sufficient for the continuance of duration of the lien. This does not reflect an oversight on the part of the Legislature because among the items not finally determinable in arbitration are the validity of the lien, whether the surety is chargeable with the amounts found due, and the rights of other claimants (Cincrete Corp. v. Sansouci Realty Corp., 7 Misc 2d 717; Mancini v. Stern, 28 Misc 2d 77; May v. New Amsterdam Cas. Co., 270 App. Div. 472).
It follows that to preserve his rights, a lienor must comply with section 17 of the Lien Law and proceed to foreclose his lien or obtain an order continuing the same despite the fact that he elects to arbitrate or is compelled to do so (Cincrete Corp. v. Sansouci Realty Corp., supra, p. 719). Under the circumstances, the motion must be granted.