Daniel E. Maceen, J.
Plaintiff is a subcontractor to defendant Foster-Lipkins Corp., general contractor for construction of a building for defendant Dormitory Authority of the State of New York. Paragraph 19 of the subcontract sets forth a broad all-inclusive arbitration clause. September 25,1969 plaintiff filed with the Dormitory Authority a mechanic’s lien in the sum of $82,318.30 and shortly before the expiration of the six months’ duration period of the lien, commenced this action to foreclose the lien. By this motion defendants seek to stay the action on the ground that plaintiff’s sole remedy is in arbitration and to bar plaintiff from seeking arbitration on the ground that by instituting this action plaintiff has waived its right to arbitrate.
Quite clearly arbitration of the alleged dispute between the parties is mandated by the contract. (Matter of Terminal *931 Auxiliar Maritima [Winkler], 6 N Y 2d 294.) It is equally clear to me that, by commencing this action, plaintiff did not waive its right to arbitrate. Section 35 of the Lien Law provides “ The filing of a notice of lien shall not be a waiver to any right of arbitration ’ ’. Implicit in the right to file the lien is the right to continue it until completion of the arbitration proceedings. A lien may be continued by commencing an action to foreclose it or by obtaining an ex parte order continuing the lien. Obtaining continuance by the latter procedure is subject to the discretion of the Judge to whom the application is made. (Lien Law, § 18; Matter of Lycee Francais v. Calagna, 26 Misc 2d 374, 380.) Plaintiff was not required to appeal to the discretion of a court or Judge when it might insure continuance of the lien as a matter of right by instituting a foreclosure action. (Matter of Oxer v. Stewart, 36 Misc 2d 314.)
Defendants seek to stay the action pursuant to CPLB 2201 and to bar arbitration presumably pursuant to CPLB 7503 (subd. [b]). While not seeking to compel arbitration, they ask for such other and further relief as may seem just and proper.
The motion insofar as it seeks to bar arbitration is denied and the parties are directed to proceed to arbitration, the proceeding to be instituted by plaintiff. (Mancini v. Stern, 28 Misc 2d 77; Matter of Arch-Bilt Container Corp. v. Fisher, 14 A D 2d 910.) The action is thus stayed pending completion of the arbitration proceeding. (CPLB 7503, subd. [a].)