DOLL et al. v. COOGAN et al.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. MECHANICS' LIENS—ACTION FOR DAMAGES—ENFORCEMENT.

Where plaintiff did certain work on defendant's houses, and was prevented from completing the contract, he was not entitled to recover damages for breach of the contract in an action to enforce a mechanic's lien for the price of the work done, under Laws 1885, c. 342, § 1, as amended by Laws 1888, c. 316, giving a contractor a mechanic's lien on a house for labor and materials furnished in its construction.

2. SAME—DISMISSAL ON THE MERITS—NONSUIT.

Where, in an action to enforce a mechanic's lien, tried by the court without a jury, the evidence as to whether a certain sum paid to the contractor was in full of the contract price was conflicting, and the court dismissed the complaint, such judgment was equivalent to a finding that the sum paid was all plaintiff was entitled to under the contract, and hence a dismissal on the merits, and not a nonsuit merely.

Appeal from special term, New York county.

Action by Charles Doll and another against Matthew Coogan and others for the enforcement of a mechanic's lien. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

William L. Mathot, for appellants.
Henry G. K. Heath, for respondents.

INGRAHAM, J. The action was brought to foreclose a mechanic's lien, and upon the trial judgment was ordered in favor of the defendants against the plaintiffs, dismissing the complaint, with costs. One of the plaintiffs testified that the defendant Coogan had entered into a contract with the plaintiffs, by which the plaintiffs agreed to paint, varnish, decorate, and paper seven houses in 147th street, between Willis and Brook avenues, for the sum of $2,300; that the plaintiffs did the work on three houses complete; that the witness had a conversation with the defendant Coogan in relation to the completion of the work later on, but could not say how it was that the plaintiffs could not complete the work on the other houses; that he went to the premises with eight men, materials, etc., to complete the work, when the defendant's superintendent told him that he must wait until the defendant came, as they must get some workmen out of the building before the plaintiffs could start their work; that the plaintiffs had the men ready to do the work for several days, when the defendant Coogan came and said, "Mr. Doll, I can't get these men out any more, and we will have to settle that part between ourselves;" and that then the plaintiffs removed the goods and the men. The plaintiff Doll also testified that he did certain extra work, and that he received a total of $900 on account. The defendant Coogan testified: That the plaintiffs agreed to do the houses for $300 a house. That this contract related to the three houses that were first built. That it was further agreed that "provided he (plaintiff) did the first three right I would give him the others,—I would give him the others,—and I thought at the time he would. He went to work

on the three houses. He did the work fairly well, only the three rooms that was a portion of the parlor in each house. That was his contract to do those. He did not do those rooms," and also failed to paper the walls up to the roof. That his charge for varnishing and staining 60 pairs inside blinds in the three houses was in his contract. That there was nothing in the agreement about extra work on the blinds, and that the plaintiff made no charge for extra work before the suit was brought. That after the three houses were completed the plaintiff did not go to work on the four houses. That the defendant would not allow the plaintiff to go to work on the four houses, because he had not finished the first three. That the contract was for $300 a house, and the plaintiff was paid on the three houses $900.

The court filed its decision, stating concisely the grounds upon which the issues had been decided, and directed judgment to be entered thereon under section 1022 of the Code. The ground of the decision was that the plaintiffs had no claim against the defendants which could be recovered in an action to foreclose a mechanic's lien. In this the court necessarily decided that the plaintiffs had been paid for all the labor and materials furnished upon the houses in question, and that any claim which the plaintiffs had against the defendants was an action for damages for a breach of the contract, and that for such a claim or demand the plaintiffs were not, under the statute, entitled to file a mechanic's lien, and enforce it against the property; and for that reason the court dismissed the complaint.

The mechanic's lien which the action was brought to foreclose alleged that the plaintiffs had a lien for principal and interest for the price and value of the labor and materials furnished upon the house, building, and appurtenances therein mentioned, as follows: "For painting, varnishing, paper hanging, and decorating, and materials necessary for same, to the amount of $689.53, performed and furnished towards the erection and construction of the buildings on the lots hereinafter described, under a contract between said owner and the claimants, to the amount of $277.75; that the plaintiffs were ready and willing and tendered performance of said contract, but were prevented by the owner from fully performing the same, to the further damage of $411.78,"—which said sums of $277.75 and $411.78 make the entire amount of $689.53, for which the plaintiffs claim a lien. It appears therefore that the plaintiffs' claim consisted of two items,—one for $277.75, for labor and materials furnished; and one for $411.78, damages caused by the refusal of the defendants to allow the plaintiffs to complete their work. The evidence of the defendants was that the plaintiffs had agreed to do the work for $300 a house; that they had done that work on three houses, with the exception noted; that the defendants had paid the plaintiffs $300 for each of the three houses completed, but refused to allow them to do the other houses, because the plaintiffs had not completed the three houses mentioned. The finding of the court that the plaintiffs had no claim against the defendants which could be decreed in this action involved a finding that the plaintiffs had been paid for all the work done and materials furnished, leaving

the only claim that the plaintiffs could have against the defendants one for any damages sustained by reason of the breach of the contract by the defendants in refusing to allow the plaintiffs to do the other four houses.

It is not claimed by the plaintiffs that, under the mechanic's lien law, a contractor can file a lien upon the premises for damages sustained by reason of a breach of the contract in refusing to allow a contractor to proceed with the contract. By the mechanic's lien law (chapter 342, Laws 1885, as amended by chapter 316, Laws 1888), under which this lien was filed, it is provided, by section 1, that:

"Any person or persons, firm or firms, corporation or association who shall hereafter perform any labor or services, or furnish any materials, which have been used· or which are to be used in erecting * * * any house * * * may, upon filing the notice of lien prescribed in the fourth section of this act, have a lien for the principal and interest of the price and value of such labor and material upon such house, * * * and upon the lot, premises, parcel or farm of land upon which the same may stand or be intended to stand."

The lien is plainly restricted by the statute to the "price and value" of the labor and materials furnished. Any claim for damages for a breach of a contract in refusing to allow a contractor to do the work is not within the provisions of the act, and must be enforced in an ordinary action for damages against the contracting party.

The only point made upon this appeal seems to be, as this was a nonsuit, and as no motion was made for a nonsuit upon the trial, that the plaintiffs were entitled to have the question passed upon on the merits, and that such a nonsuit was improper. This action was in equity, tried before the court without a jury, and the decision of the court directing a judgment dismissing the complaint. There was no nonsuit, and nothing to show that the court did not decide the question of fact in favor of the defendants as to the amount due to the plaintiffs for labor and materials actually furnished. If, as claimed by the defendants, the contract between the parties was that the defendants were to pay the plaintiffs $300 for each house finished, and that the only labor and materials furnished by the plaintiffs were for the work done upon the three houses mentioned, for which the defendants had paid the plaintiffs the contract price, and that the only other claim that the plaintiffs had against the defendants was one for the breach of a contract in refusing to allow the plaintiffs to do the work upon the other houses, it would follow that the decision of the court was right, in holding that the plaintiffs had no claim against the defendants for which they were entitled to file a mechanic's lien, and thus the dismissal of the complaint was proper.

The cases relied on by the appellants were all actions at law. Thus, Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287, was an action for damages, and was tried before a jury. Capasso v. Woolfolk, 25 App. Div. 234, 49 N. Y. Supp. 409, was an action for damages for negligence; and so was Mearns v. Railroad Co., 23 App. Div. 298, 48 N. Y. Supp. 366. The rule as to a nonsuit, or a direction of a verdict in an action at law, where the issue of fact is for

the jury, is entirely different from that in an equity case, where the court is to determine both the questions of law and the issues of fact upon the proofs. In such an action, where the court has found that no cause of action in equity has been proved, the proper judgment is the dismissal of the complaint. Nothing appears upon the record to show that the court did not pass upon the disputed questions of fact. The decision involved a finding that the contract price of the labor and materials furnished in the three houses was the sum of $300 per house, which the defendants had paid to the plaintiffs, and that no labor and materials were furnished as to the other four houses; which required the court to dismiss the complaint, as there was no claim in favor of the plaintiffs against the defendants proved for which the plaintiffs were entitled to file a mechanic's lien, and thus the plaintiffs are entitled to no relief in this action.

It follows that the judgment appealed from was right, and should be affirmed, with costs. All concur.