(123 App. Div. 275.)

### O'REILLY v. MAHONEY et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. MECHANICS' LIENS—RIGHT TO LIEN—DAMAGES FOR BREACH OF CONTRACT—SUBCONTRACTOR.

The profit which a subcontractor, who was prevented by the general contractor from performing a part of his contract, would have made had he been permitted to perform in full, cannot be recovered in an action to foreclose a mechanic's lien; such lien being restricted by an express provision of statute to the "price and value" of the labor performed and materials furnished.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 287.]

2. INTEREST—DEMANDS NOT LIQUIDATED.

Where plaintiff, in an action on an unliquidated demand, claims upwards of 60 per cent. more than he recovers, he is not entitled to interest on the amount recovered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, §§ 35–40.]

Appeal from Trial Term.

Action by Kathryn O'Reilly against Robert J. Mahoney, impleaded with another. From a judgment for plaintiff, defendant Mahoney appeals. Modified, and, as modified, affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

William J. Reid, for appellant.
John R. Halsey, for respondent.

McLAUGHLIN, J. Action to foreclose a mechanic's lien. After the notice of lien had been filed the owner of the real estate upon which it was sought to impress the same paid into court a sum of money sufficient to discharge the lien; there being that amount, at least, due the defendant, the general contractor. This action was subsequently brought by the assignee of the subcontractor to recover the sum of $1,029.14, with interest from a specified time, for extra work alleged to have been performed for and materials furnished to the general contractor. The plaintiff had a recovery of $562.51, with interest from April 1, 1905, from which the general contractor appeals.

We are satisfied with the correctness of the recovery, except in so far as it includes an allowance for the omission to build the bridge on Van Dam street. In the contract which the plaintiff's assignor had

with the general contractor, a bridge had to be built in front of the proposed building on Van Dam street. After work had been begun under the contract, it was decided by the general contractor that such bridge was unnecessary, and the subcontractor was directed not to, and was prevented from, building the same. He testified that the charge for building such bridge was $4 a foot, and that the distance was 120 feet, making $480 he would have received, had he been permitted to perform his contract, but that he was willing to deduct from the contract price $150, what it would have cost him for the construction of such bridge, had the same been built. It appeared that the subcontractor had actually expended, in carting materials to and from the premises and for labor in constructing this bridge, about $70, and that the general contractor insisted that the difference between this amount and $480 should be deducted from the contract price; but he was willing to call it an even $400. The trial court allowed the subcontractor $400 and deducted therefrom $150; in other words, there has been allowed to plaintiff's assignor and included in the judgment the profit which the subcontractor would have made had he been permitted to perform his contract in building the Van Dam street bridge. Loss of profits or damages for breach of a contract cannot be recovered in an action to foreclose a mechanic's lien. The lien is restricted by express provision of the statute to the "price and value" of the labor performed and materials furnished. Any claim for damages for breach of a contract in refusing to allow a contractor to do the work is not within the provisions of the act, and must be enforced in an ordinary action for damages against the contracting party. Doll v. Coogan, 48 App. Div. 121, 62 N. Y. Supp. 627, affirmed 168 N. Y. 656, 61 N. E. 1129.

Nor do we think plaintiff was entitled to interest on the amount recovered. The claim made by her was unliquidated, and subject to a reduction, if our conclusion be correct, of upwards of 60 per cent. Where a party claims upwards of 60 per cent. more than he is entitled to, and the claim is unliquidated, he is not entitled to interest upon the amount recovered. Excelsior Terra Cotta Co. v. Harde, 90 App. Div. 4, 85 N. Y. Supp. 732, affirmed 181 N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493.

The judgment appealed from, therefore, must be modified, by striking therefrom the difference between the amount as above found due the plaintiff and the amount which the trial court found, viz., $250, and also striking out the allowance for interest on the amount recovered, and, as thus modified, should be affirmed, with costs to appellant in this court. All concur.