In the Matter of the Application of JERAN REALTY HOLDING CORPORATION, Respondent, for a Mandamus Order against JAMES W. ARMSTRONG, as Superintendent of Buildings of the City of Yonkers, Appellant.— Peremptory mandamus order unanimously affirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Proceedings Supplementary to Execution of MEYER LIVINGSTON, Appellant, against WILLIAM J. BRAINARD and Others, Respondents.— Order vacating order adjudging judgment debtor William J. Brainard in contempt affirmed, with ten dollars costs and disbursements. (*Matter of Ward* v. *Stoddard*, 144 App. Div. 143.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

In the Matter of the Petition of MARY A. STONE to Prove the Last Will and Testament of SUSAN C. MEAD, Late of the County of Kings, Deceased. ROBERT H. MEAD, Appellant; MARY A. STONE, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent, payable by appellant personally. No opinion. Present — Lazansky, P. J., Kapper, Seeger, Carswell and Scudder, JJ.

In the Matter of THE SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., Respondent. DOMENICO GUIDO, Appellant.— Judgment and order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Petition of ROSE M. SPINELLA to Render and Settle Her Account as Administratrix of EMANUEL SPINELLA, Deceased. ROSE M. SPINELLA, as Administratrix, etc., Appellant; BARTOLO SPINELLA, as Attorney in Fact, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

In the Matter of the Mechanic's Lien Filed by SUPREME PLUMBING Co., INC., Appellant, against SEADCO BUILDING CORPORATION, INC., and JOSEPH ADELSTEIN, Respondents.— Order reversed upon the law, with ten dollars costs and disbursements, and motion to cancel and discharge mechanic's lien denied, with ten dollars costs. The Lien Law does not empower the courts to cancel or discharge mechanics' liens upon a summary application upon any grounds other than those specified in that law and there is no inherent power in the courts to cancel or discharge a mechanic's lien. (*Matter of Cohen, No. 1*, 209 App. Div. 413.) Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.