In the Matter of BRALUS CORPORATION et al., Appellants, against IRVIN BERGER, Respondent.

Argued April 6, 1954; decided May 20, 1954.

*William Brafman* and *Joseph Goldman* for appellants.
*Richard Steel* and *Martin A. Jacobs* for respondent.

*Per Curiam.* Respondent's mechanic's lien for making " drawings of preliminary plans " and allied architectural services which never became embodied in an erected structure, should not summarily be dismissed on motion under subdivision (6) of section 19 of the Lien Law, upon the ground that they are not final plans. Mechanic's liens may be filed for materials furnished or labor performed " for the improvement of real property " (Lien Law, § 3). Subdivision 4 of section 2, as amended by chapter 608 of the Laws of 1934, defines " improvement " as including " the drawing by any architect or engineer or surveyor, of any plans or specifications or survey, which are prepared for or used in connection with such improvement ". Nothing contained in this language disallows architects' plans which are preliminary in nature, provided that they have progressed to a point where they can be characterized as " plans " within the meaning of that term as it is used in the building trades.

More than mere rough sketches is required in order to render lienable an architect's charges, but the term "preliminary plans" includes drawings which are sufficiently formal to be called plans, but which have been prepared to assist the owner in deciding whether he wants to have a building constructed according to such a design, or which leave some ultimate details to be selected and added later. What the present drawings are and whether they constitute plans should be decided after a trial, and not in a summary proceeding instituted under subdivision (6) of section 19 of the Lien Law.

The order appealed from should be affirmed, with costs.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order affirmed.