Marcus G. Christ, J.
This is an application by Harbour Green Estates, Inc., owner of certain real property at Massapequa, New York, to discharge mechanics’ liens filed by North Shore Electric Corp. and North Shore Electric Fixture Co., Inc., in the amounts of $4,264.50 and $294, respectively. In making such application the owner relies on the provisions of a certain contract dated December 9,1955 between Green Waters Construction Corp., as contractor, and North Shore Electric Corp., as subcontractor. That contract contains a provision in paragraph ‘ ‘ 7 ” to the effect that the subcontractor will not file or permit to be filed by any of its subcontractors, material-men, suppliers or laborers any lien against the premises to which the agreement relates. By its express terms this contract was to run until May 30, 1956 at which time the contract was to he renegotiated by both parties. Each of the notices of lien cover the supplying of labor or material for a period beginning August 24, 1955 and ending March 1, 1957. The present application is resisted by the lienors who urge that their liens ought not to be summarily discharged because the liens cover a period which extends beyond the term of the December 1, 1955 contract containing the waiver of the right to file liens. The lienors also argue that the application should be denied because the lienor, North Shore Electric Fixture Co., Inc., was not a party to the contract which contains the express provision waiving the right to file a lien.
The summary relief which the owner seeks can only be granted where the grounds set forth in subdivision (6) of section 19 of the Lien Law are shown to exist. That is not the case here. Even if it be assumed, as the owner argues, that the waiver clause relates to all the labor and material supplied in the period referred to in the notices of lien, it is clear that the waiver of the right to file a lien does not appear from the face of the notices of lien. It does not appear that the notices of lien are invalid either for failure to comply with" the provisions of section 9 of the Lien Law or that it is disclosed by public records that the notices of lien have not been filed in accordance with the provisions of section 10 thereof. There thus exists no basis upon which the owner is entitled to a summary discharge of the notices of lien. In Northampton *543 Constr. Corp. v. Bistrian (143 N. Y. S. 2d 461) this court granted an application to discharge summarily a notice of lien filed in connection with a public improvement lien. There the contract contained a clause waiving the right to file a lien. The contract containing the waiver clause was attached to the notice of lien and expressly made a part of the notice of lien. It thus appeared on the face of the notice of lien that the lienor had waived the right to file a mechanic’s lien and made it possible for the court to grant summary relief under subdivision 7 of section 21 of the Lien Law. Here the existence of the alleged waiver does not appear from the notices of lien themselves but only from other documents concerning whose operative scope there is a dispute. There is no basis upon which the court can grant an order summarily discharging these notices of lien. The application is accordingly denied.
Settle order on notice.