Nicholas M. Pette, J.
This is an application by the petitioner, as contractor, for an order summarily canceling and discharging of record the mechanic’s lien filed by Di Cesare & Monaco Building Company, Inc., as subcontractor and lienor, against Parkway General Corp., as the owner of the premises affected by said lien.
It appears that petitioner, as contractor, entered into a written agreement with the lienor, as subcontractor, for the construction by the latter of the foundation and performance of the general concrete work for the premises described in said mechanic’s lien and for the concrete, steel and lumber and labor furnished and required for said work; that the total price agreed upon for the aforesaid work, labor and materials was $55,229.84 and that said lien has been filed for an unpaid balance of $14,204.20. There is nothing in the moving papers to dispute that that is the sum unpaid to said lienor.
It further appears that said written agreement, inter alia, contains the following provision:1 ‘ Subcontractor hereby waives and releases all lien or right of lien now existing or that may hereafter arise for work or labor performed or material furnished under this agreement under any lien laws upon the structure in which the Work is being or will be done, the land upon which the same is situated, and upon any money or moneys due or to become due to Contractor, and agrees if so required, to furnish a good and sufficient waiver of lien in form and substance satisfactory to Contractor from any or all persons and corporations furnishing labor or materials under Subcontractor, for the structure and the land upon which the same is situated.”
*1029 In the petition, it is alleged that the aforesaid quoted provision of the contract constitutes an effective and binding waiver of the aforesaid lien pursuant to section 34 of the Lien Law of the State of New York.
The lienor has interposed an answer to said petition wherein it is alleged that there is no authority in law for the summary discharge of the lien, and that the validity of the lien can only be litigated in a plenary action in which all the facts and circumstances surrounding the same can be developed in a full trial of the action.
The lienor, in its answer, further alleges that no effort has been made on the part of the petitioner or its agents to serve the lienor corporation personally although it maintains an office for such purpose.
It is significant that there is no allegation in the petition that the lien is invalid; nor is there any allegation therein that the sum for which the lien was filed is not due and owing to the lienor.
Section 19 of the Lien Law provides for the procedure for the summary discharge of a mechanic’s lien for private improvement, and permits such procedure in the following situations: (1) Satisfaction or release (subd. 1); (2) lapse of time (subd. 2); (3) order of court subject to section 59 (subd. 3); (4) bonding of the lien (subd. 4); (5) prior judgment in favor of the owner (subd. 5); (6) notice of lien invalid on its face (subd. 6). Subdivision 6 of said section provides for a motion to discharge the lien upon “ which application will be made together with a notice setting forth the court or the justice thereof or the judge to whom the application will be made at a time and place therein mentioned must be served upon the lienor not less than five days before such time. If the lienor can not be found, such service may be made as the court, justice or judge may direct.”
The lienor contends that the petitioner has not shown that the lien filed is invalid upon its face nor has it shown that any effort was made to serve the petitioner as provided in subdivision 6 of section 19 of the Lien Law, although the lienor maintains an office for that purpose.
It has been held that where there is a provision in a contract whereby a lienor waives his right to file a mechanic’s lien, the lien may not be summarily discharged on motion. ‘ ‘ Where a subcontractor files a lien in violation of his waiver of his right to file, the lien may not be discharged on motion under Lien Law § 21, subd. 7, and contractor’s only remedy is to demand that subcontractor foreclose, bond the lien after the action has been commenced, and then to move to vacate and annul the lien, to dismiss the complaint to the extent that it seeks foreclosure, and to *1030 sever the action insofar as it seeks money judgment against the contractor. * * * J. B. Cieri Constr. Co. v. Gramercy Constr. Corp., 13 A D 2d 901.” (16 Carmody-Wait, New York Practice, 1962 Supp., p. 18, note p. 211, n. 14 [supplementing ch. 97, § 54, p. 211].)
Although this case dealt with a mechanic’s lien on a public improvement, the law is analogous covering private improvements.
In Matter of Harbour Green Estates v. North Shore Elec. Corp. (7 Misc 2d 541, 542) Justice Marcus G. Christ states: “ The summary relief which the owner seeks can only be granted where the grounds set forth in subdivision (6) of section 19 of the Lien Law are shown to exist. That is not the case here. Even if it be assumed, as the owner argues, that the waiver clause relates to all the labor and material supplied in the period referred to in the notices of lien, it is clear that the waiver of the right to file a lien does not appear from the face of the notices of lien. It does not appear that the notices of lien are invalid either for failure to comply with the provisions of section 9 of the Lien Law or that it is disclosed by public records that the notices of lien have not been filed in accordance with the provisions of section 10 thereof. There thus exists no basis upon which the owner is entitled to a summary discharge of the notices of lien.”
In the ease of Matter of Simonetta Concrete Constr. Corp. v. Dean Constr. Co. (192 N. Y. S. 2d 96), the court was again confronted with a summary application to vacate a mechanic’s lien on the ground that there was a contractual provision whereby the lienor waived its right to a lien. The court followed the ruling in Matter of Harbour Green Estates (supra) and denied the application.
The courts have no inherent power to cancel or discharge mechanics’ liens on grounds other than those specified in the Lien Law (Matter of Zimmerman Bros. Plumbing & Heating Co., 120 N. Y. S. 2d 145; Matter of Cohen, 209 App. Div. 413; Supreme Plumbing Co. v. Seadco Bldg. Corp., 224 App. Div. 844).
This court followed the foregoing line of cases in Matter of R. G. R. Constr. Corp. v. Robert J. Harder, Inc. (19 Misc 2d 920).
The petitioner, furthermore, fails to set forth any facts to show that any efforts were made to serve the lienor as required by subdivision 6 of section 19 of the Lien Law, and service of the moving papers upon an attorney, without any shown attempt to effect personal service upon the lienor, was insufficient to give this court jurisdiction of this proceeding. (Matter of J. D. H. Builders, 155 N. Y. S. 2d 121.) The petition is dismissed.