In the Matter of ATLANTIC CEMENT COMPANY, INC., Appellant, v. ST. LAWRENCE CEMENT Co., Respondent.

Third Department, December 17, 1964.

*Fine Posner & Tofel* (*Robert L. Tofel* and *Burton M. Fine* of counsel), for appellant.

*Simpson Thacher & Bartlett* (*Roy L. Reardon* of counsel), for respondent.

GIBSON, P. J.   Petitioner appeals from three orders which denied, initially and upon reargument, its application for an order summarily discharging a notice of lien (Lien Law, § 19, subd. [6]) on the ground that it appears from the face of the notice that by reason of the character of the labor furnished, no valid lien exists.

The lienor contracted to furnish engineering services in connection with the construction of a cement mill, for which the lienor was to be paid at specified rates, and petitioner agreed to pay an additional fee of $400,000 in the event the completed plant should be shown capable of a stipulated rate of production, which the lienor asserts has been demonstrated.

A notice of lien is required to state, among other things, the "labor performed * * * and the agreed price or value thereof" (Lien Law, § 9, subd. 4) and in this case the notice specifies that the "agreed price and value of the labor performed is cost plus $400,000". Appellant, in its argument, is in large part preoccupied with the contention that Special Term, in considering whether the character of the labor was such as to support a valid lien, did not, and was of opinion that it could not, look beyond the face of the notice and determine the case

on "all undisputed facts of record". That Special Term thus limited itself is not apparent from its opinions when read and considered in entirety. Nor can it be said, as appellant contends, that the affidavits reveal only undisputed facts. Upon the entire record before the Special Term there arose controverted issues incapable of summary disposition and appellant did not conclusively demonstrate that the item claimed was not lienable. The statute is clear enough in providing for summary discharge " [w]here it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, *or* where for any other reason the notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article, *or* where it appears from the public records that such notice has not been filed in accordance with the provisions of section ten of this article ". (Lien Law, § 19, subd. [6]; emphasis supplied.) Treating of the defense of nonlienability, it has been said: " Whether this defense must be reserved for the trial of the issues, or whether it may be asserted as a basis for summary discharge of the notice of lien before even an action is commenced, *depends upon whether it rests on facts appearing on the face of the notice and the record, and whether the facts with regard thereto are disputed.*" (Jensen, Mechanics' Liens [4th ed.], § 313, p. 315 [emphasis supplied]; § 311, pp. 313–314.)

The notice is proper in form (see *Fyfe* v. *Sound Development Co.*, 235 N. Y. 266, 271, where the lien was for " cost plus ten per cent ") ; but appellant contends that, in this case, the " cost " has been paid and the " plus " of $400,000 is for a " bonus " and does not represent the cost or value of labor. The statute refers to " agreed price or value ". That the value of services to be liened may be enhanced, in fact, or a base price for their rendition increased by agreement, in proportion to the degree of their success in accomplishing a particular result, seems a not unreasonable theory, but one that we need not pass upon in determining this appeal. Appellant's contrary position has not been established as a matter of law and its evidentiary contentions are disputed as matters of fact. The cases upon which appellant relies (*Goldberger-Raabin, Inc.* v. *74 Second Ave. Corp.*, 252 N. Y. 336; *Midtown Contr. Co.* v. *Goldsticker*, 165 App. Div. 264; *O'Reilly* v. *Mahoney*, 123 App. Div. 275) stand merely for the proposition that anticipated profits under uncompleted contracts or damages for prevention of performance are not lienable, the lien being available only for past performance; and hence the

cases are inapposite, as here the amount is claimed to represent, not anticipated profits or the like, but part of the agreed price for services already performed and evaluated pursuant to a test established prior to their performance though necessarily to be applied thereafter. Trial is necessary. (See *Matter of Bralus Corp.* v. *Berger,* 307 N. Y. 626; *Matter of Harbour Green Estates* v. *North Shore Elec. Corp.,* 7 Misc 2d 541.)

The orders should be affirmed, with $75 costs.

HERLIHY, REYNOLDS, AULISI and HAMM, JJ., concur.

Orders affirmed, with $75 costs.