Charles Lambiase, J.
This is an application by plaintiff ‘ ‘ for an order pursuant to Section 19, Subdivision 6 of the Lien Law of the State of New York, discharging the notice of mechanics lien heretofore filed on the 31st day of July, 1964, in the Office of the Monroe County Clerk on behalf of the Carpeting Sales and Service Corporation, Inc., on the ground that the same is defective on its face, and for such other, further and different relief as to the Court shall seem just in the premises.” (Notice of motion.)
We note in passing that the title above set forth is incorrect, but we disregard that fact and pass immediately to the consideration of the merits of the application. With this statement in explanation, we refer to the parties as “plaintiff” and “ defendant ” hereinafter merely for the sake of conformity.
On July 31, 1964 defendant filed a notice of mechanic’s lien in the Monroe County Clerk’s office claiming a lien against the plaintiff and Gerald P. Hayes, as owners of property known and distinguished as No. 2144 Carter Road, Town of Penfield, New York, the realty involved herein, which sets forth in pertinent part the following:
‘1 that CARPETING SALES AND SERVICE CORPORATION * * * aS lienor has and claims a lien * * * for One Thousand Two Hundred Ninety and no/100........Dollars ($1,290.00), being for the value and agreed price of certain work, labor and services performed and materials furnished and materials actually manufactured for but not delivered to the said property, to wit: approximately fifty (50) yards of Dupont nylon carpeting for the improvement of the said real property hereinafter described. * # *
“ That the labor performed is installation of carpeting and the agreed price and value of said labor performed is Four Hundred Twenty..........Dollars and no .......... Cents ($420.00).
“ That the materials furnished are approximately fifty (50) yards of Dupont 501 nylon carpeting and the agreed price and value of said materials furnished is Eight Hundred Seventy Dollars and no..............Cents ($870.00).
‘ ‘ That the amount unpaid to said lienor for such labor performed is Four Hundred Twenty........Dollars ($420.00).
‘ ‘ That the amount unpaid to said lienor for such materials furnished is Eight Hundred Seventy........Dollars and no ........Cents ($870.00).”
It is alleged in the petition, and it has not been put in issue herein, that petitioner or plaintiff, however designated, is the sole owner of the property involved herein, having taken title *470 thereto on the 17th day of July, 1964 by deed from her husband, which deed is filed in Monroe County Clerk’s office in Liber 3571 of Deeds at page 542. It appears that this transfer was made and recorded before the filing of the lien herein.
It is the contention of plaintiff that the character of the labor and materials furnished as set forth in the mechanic’s lien filed is such that no valid lion within the purview of the Lien Law attaches to the real property which is described therein.
Defendant, maintaining to the contrary, asserts: (1) that plaintiff’s moving papers are defective because there are no supporting papers, proofs or affidavits; and (2) that it is a question of fact triable by the court whether or not the personalty involved is covered under the Mechanic’s Lien Law provision's, and that, therefore, the question should not be summarily determined upon this motion.
The question before us, therefore, is whether or not said mechanic’s lien should be summarily vacated pursuant to subdivision (6) of section 19 of the Lien Law. Its resolution depends upon whether the character of the materials and labor furnished, for which the lien was filed, is such that it constitutes the basis of a valid lien which attaches to real property within the purview of the Lien Law of the State of New York.
In the Matter of Atlantic Cement Co. v. St. Lawrence Cement Co. (22 AD 2d 228, 230) referring to subdivision (6) of section 19 of the Lien Law, the court says: “ The statute is clear enough in providing for summary discharge ‘ [w]here [sic] it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, or where for any other reason the notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article, or where it appears from the public records that such notice has not been filed in accordance with the provisions of section ten of this article ’. (Lien Law, § 19, subd. [6]; emphasis supplied.) Treating of the defense of nonlienability, it has been said: ‘ Whether this defense must be reservd for the trial of the issues, or whether it may be asserted as a basis for summary discharge of the notice of lien before even an action is commenced, depends upon whether it rests on facts appearing on the face of the notice and the record, and whether the facts with regard thereto are disputed.’ (Jensen, Mechanics’ Liens [4th ed.], § 313, p. 315 [emphasis supplied]; § 311, pp. 313-314.) ”
Section 3 of the Lien Law, at all times herein mentioned read and now reads in pertinent part: “ A contractor, subcontractor, laborer, jnaterialmap * * * who performs labor or fur *471 nishes materials for the improvement of real property with the consent or at the request of the owner thereof * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this chapter. ’ ’
Section 2 of the Lien Law contains definitions. It is pertinent to section 3 quoted above for therein it is provided that the term “ improvement ” when used in the Lien Law (§ 2, subd. 4) “ includes the erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property or materials furnished for its permanent improvement ”.
In Matter of Magowan (203 N. Y. S. 2d 35, 38) it is said: “ In section 3 the word ‘ improvement ’ appears without descriptive limitation. Section 2, subdivision 4, defining the term ‘ improvement ’ restricts its meaning to ‘ permanent improvement ’. Implicit in the limitation is that it was not intended that a lien arise from any and all kinds of services and labor performed. A line was drawn in the wording of the statute and the right of lien created thereby was limited. The limitation can only be ascertained in the interpretation of the word ‘ permanent ’. It is a common word of well-known meaning. It is is [sic] not legal in origin and its meaning is not changed when employed in the drafting of statutes. Broadly it may be defined as ‘ lasting, ’ 1 fixed in character ’, ‘ not subject to change ’ and ‘ continuing in the same state ’ (Vol. 70 0. J. S., pp. 560 and 561).” The word “permanent” is generally opposed in law to “ temporary ”, but not always meaning “perpetual”. (Black’s Law Dictionary [4th ed., 1951].)
Plaintiff’s moving papers consist of a notice of motion, verified petition, and copy of the mechanic’s lien. Defendant’s papers consist of copies of the same. In addition, both parties submitted briefs. Prom these papers and in the light of our discussion herein, we are of the opinion that it appears from the undisputed facts that defendant has no valid lien by reason of the character of the labor and materials furnished for which the lien is claimed, and that a summary discharge of the lien is warranted. (Wahle-Pliillips Co. v. Fitzgerald, 225 N. Y. 137; Pike v. Naylon Securities Co., 340 Misc. 734; Cosgrove v. Troescher, 62 App. Div. 123; Madfes v. Beverly Development Corp., 251 N. Y. 12.) In conclusion, we find no merit to defendant’s contention that plaintiff’s moving papers are defective.
Motion must be and hereby is in all respects granted.