Charles G-. Tierney, J.
This is an application by petitioner for an order pursuant to subdivision (6) of section 19 of the Lien Law summarily discharging the notice of lien filed by respondent Marshall Construction Co., Inc. (hereinafter called Marshall), and for a further order directing respondent Maryland Casualty Co., Inc. (hereinafter referred to as Maryland), to guarantee payment of all labor and materials furnished by subcontractors.
On or about July 29, 1971 petitioner and respondent Marshall entered into a written agreement for rehabilitation work of approximately 81 housing units. Maryland, as surety, executed and delivered to petitioner performance and payment bonds in connection with the construction work undertaken by Marshall.
It appears that petitioner discharged Marshall as the prime contractor on or about July 1, 1972. Thereafter, Marshall filed a notice of lien claiming an unpaid balance of $530,647.35.
Petitioner contends that under article 7 of the construction contract, respondent Marshall waived any right to file a lien against the real property and consequently the notice of lien filed by Marshall should be discharged. It is not disputed that the waiver provision set forth in the construction contract is clear and unambiguous. Nevertheless, it has been held in similar circumstances that a lien may not be summarily discharged *44 where the waiver does not appear from the face of the notice of lien (Matter of Harbour Green Estates v. North Shore Elec. Corp., 7 Misc 2d 541; Matter of Simonetta Concrete Constr. Corp. v. Dean Constr. Co., 192 N. Y. S. 2d 96; Matter of Blitz, Inc. v. Di Cesare & Monaco Bldg. Co., 36 Misc 2d 1028; see Cieri Constr. Co. v. Gramercy Constr. Corp., 13 A D 2d 901). The courts have no inherent power to cancel or discharge a mechanic’s lien other than those specified under the applicable provisions of the Lien Law (Matter of Cohen, 209 App. Div. 413; Matter of Supreme Plumbing Co. v. Seadco Bldg. Corp., 224 App. Div. 844). Petitioner here has moved pursuant to section 19 of the Lien Law. The grounds provided under that section are: (1) release by the lienor; (2) failure to timely commence a foreclosure action; (3) by order of the court for neglect of the lienor to prosecute a foreclosure action; (4) upon the filing of a bond in an amount not less than the amount claimed in the notice of lien; (5) upon a judgment rendered in favor of the owner, or (6) where the notice of lien is invalid on its face. Petitioner has not demonstrated the existence of any of the above-enumerated grounds warranting a discharge of the lien.
Petitioner also contends that it is a public benefit corporation and that under section 5 of the Lien Law, liens filed against public improvements encumber funds due under the contract and are not chargeable against the real property.
There are few controlling precedents which have defined what is a public benefit corporation. Generally, however, public corporations are instrumentalities of the State and are owned by the government or subdivisions thereof (11 N. Y. Jur., Corporations, § 6). Petitioner’s certificate of incorporation states that it is organized pursuant to article XI of the Private Housing Finance Law and the Membership Corporations Law. Section 571 of the Private Housing Finance Law sets forth the legislative findings and purposes in creating housing development fund companies. Section 573 permits the incorporation of a housing development company, either under the Business Corporation Law or the Not-For-Profit Corporation Law. However, nowhere is there any indication that the Legislature intended that such companies should be considered public benefit- corporations. By comparison, the Legislature, in creating the New York City Housing Development Corporation, specifically provided in section 653 of the Private Housing Finance Law that such corporation “ shall constitute a public benefit corporation”. Such specific language can also be found in section 152 of the Public Authorities Law (Jones Beach Park *45 way Authority), section 352 of the Public Authorities Law (New York State Thruway Authority) and section 1263 of the Public Authorities Law (Metropolitan Transportation Authority).
It may well be that petitioner is engaged in work which will inure to the benefit of the public and in this regard petitioner may be thereby affected with a public interest. However, this does not make petitioner a public benefit corporation.
Moreover, while petitioner may have been afforded an exemption from taxation, this is not decisive as to petitioner’s contention that it is a public benefit corporation. Exemption from taxation is given by the Legislature to many corporations and individuals as a matter of public policy.
With regard to the remaining branch of the application, petitioner may not compel Maryland to guarantee or otherwise post further security for payments to subcontractors. Section 37 of the Lien Law provides for a discharge of liens and determination of claims made by subcontractors and materialmen where the owner or prime contractor files an appropriate bond. The purpose of this provision is to enable the owner and contractor between whom a contract exists for the improvement of real property to substitute a bond in place of the lien filed against the real property involved in the improvement.
Accordingly, the court is constrained to deny the motion.
However, the court nevertheless feels that there should be a prompt resolution of the validity of respondents’ claim. The completion of the project undertaken by petitioner will be seriously impaired unless some remedial action is immediately taken in connection with the lien filed by Marshall. In this regard, section 59 of the Lien Law empowers the court to discharge a lien where a foreclosure action has not been expeditiously prosecuted. Therefore, the within application shall be deemed alternatively as a notice served pursuant to section 59 of the Lien Law. The service of the order to show cause and petition upon the respondent Marshall shall constitute appropriate notice to respondent Marshall to commence an action pursuant to that section. Respondent shall have 30 days from the return date of this application to commence such an action.
Settle order.