Frank P. De Luca, J.
Petitioner moves pursuant to subdivision (6) of section 19 of the Lien Law, for an order discharging the notice of a mechanic’s lien filed on June 1, 1973 in the office of the Suffolk County Clerk. Petitioner is the owner and sponsor of a large real estate development known as the Nob Hill Condominium Section I located in Hauppauge, Town of Islip, Suffolk County, New York. The lienor is a contractor engaged in the business of supplying and installing carpeting and it has filed a lien in the sum of $98,781.90 against the real property not yet conveyed by petitioner, as well as adjacent land owned by petitioner to secure a claim for labor and materials furnished or manufactured pursuant to a contract between the parties. The labor and materials consisted of the installation of floor carpeting, padding and related items.
Petitioner contends that the lien is invalid on the grounds that carpeting does not constitute a “ permanent improvement ” to real property as required by subdivision 4 of section 2 and section 3 of the Lien Law. Thus, the question to be decided here is whether this type of improvement is of such nature as to permit under the statute, the filing of a mechanic’s lien against real property.
*192 In support of its contention that carpeting does not come within the ambit of a “ permanent ” improvement, petitioner cites two Special Term cases upholding this view (Hayes v. Carpeting Sales & Serv. Corp., 46 Misc 2d 468; Pike v. Naylon Securities Co., 140 Misc. 734). However in my opinion, these cases are distinguishable from the case at bar in that the carpeting in the instant case was not merely a decorative floor covering but constituted an integral part of the condominium construction. The court is aware of the common practice favored by home builders today to utilize wall to wall carpeting as a substitute for surface flooring. As in the instant case, the builder erects only a subfloor and instead of covering the sub-floor with hardwood flooring, carpeting is used instead. This practice is a recent phenomenom in the construction business, no doubt due to the rapidly escalating price and scarcity of oak hardwood, plywood and other floor lumber. The cases cited by petitioner are unfortunately of another era dealing with decorative carpeting for an individual home, [Hayes] and for a movie theatre [Pike] where such carpeting covered the permanent floor and could be removed without harm to the realty. In this proceeding, the carpeting is a virtual necessity since there is no wood flooring to cover the rough subflooring. In effect, carpeting has become interchangeable with surface flooring and is affixed to the subfloor in a similar fashion, i.e., with nails, staples and cement.
The necessity and “permanency” of carpeting in today’s construction market is recognized by the fact that petitioner’s prospectus or offering plan — required to be filed and approved by the Attorney-General of the State of New York — makes the furnishing of carpeting the responsibility of petitioner in sharp contrast to the installation of ‘ ‘ other fixtures, equipment and hardware ” for which the condominium purchaser is responsible. There is thus no question that petitioner deemed carpeting to be the primary flooring and an integral part of the basic construction of the individual housing unit.
Lastly, the court notes that the entire carpeting contract had a value of $290,000, that the lienor supplied some $98,000 in labor and materials and is thus a substantial subcontractor for the Nob Hill development. To deprive the lienor of the benefits available to most subcontractors under the Lien Law, would afford tremendous leverage to the petitioner by relegating his carpet supplier to the vagaries of lengthy and costly litigation.
The application to discharge the mechanic’s lien herein is denied.