Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 22, 2012, which, insofar as appealed from, *474 denied defendant 49 East Houston LLC’s (LLC’s) motion for summary judgment dismissing the cross claim of defendant Charles McGrath Construction Inc. (McGrath) alleging a cause of action for quantum meruit, and granted McGrath’s motion for summary judgment dismissing LLC’s cause of action alleging wilful exaggeration of a mechanic’s lien, unanimously modified, on the law, to deny McGrath’s motion, and otherwise affirmed, without costs.
LLC is the owner of property upon which it planned to erect a new residential condominium. LLC contracted with McGrath for it to act as general contractor on the project. Due to market changes, the project was abandoned soon after foundation work commenced. Shortly thereafter, McGrath filed a mechanic’s lien against the property.
A claim under Lien Law § 39-a is subject to summary disposition where the evidence concerning whether or not the lienor wilfully exaggerated the lien is conclusive (see Northe Group, Inc. v Spread NYC, LLC, 88 AD3d 557 [1st Dept 2011]). Such a burden necessarily involves proof as to the credibility of the lienor (see Rosenbaum v Atlas & Design Contrs., Inc., 66 AD3d 576 [1st Dept 2009]). Accordingly, the issue of wilful or fraudulent exaggeration is one that is ordinarily determined at the trial of the foreclosure action, and not on summary disposition (see e.g. Aaron v Great Bay Contr., 290 AD2d 326 [1st Dept 2002]).
LLC’s failure to prove conclusively that McGrath wilfully exaggerated its lien did not require dismissal of its cross claim pursuant to Lien Law § 39-a, since McGrath likewise failed to establish that it did not wilfully exaggerate the lien. The record is devoid of affidavits from either of McGrath’s two principals, absent which, the motion court could not summarily conclude they bore no ill will when they calculated the lien and that any errors were the result of ignorance or honest mistake. Moreover, as the motion court observed, McGrath was unable to support many of the charges appearing on the mechanic lien’s breakdown list. Given the foregoing, a determination as to whether McGrath’s exaggeration of the lien was due to its principals’ wilfulness, versus their ignorance, should be left to a trier of fact.
LLC’s argument that McGrath, in moving for summary judgment on its claim for breach of contract, is now barred from electing to pursue its claim in quantum meruit, raised for the first time on appeal, is unpreserved (see e.g. Stryker v Stelmak, 69 AD3d 454 [1st Dept 2010]). Concur — Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.