J.T. Magen & Co., Inc. v Nissan N. Am., Inc. (2019 NY Slip Op 08784)





J.T. Magen & Co., Inc. v Nissan N. Am., Inc.


2019 NY Slip Op 08784


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10511 160497/17

[*1] J.T. Magen & Company, Inc., Plaintiff-Respondent,
v
Nissan North America, Inc., Defendant-Appellant, Georgetown Eleventh Avenue Owners, LLC, et al., Defendants.


Seyfarth Shaw LLP, New York (John R. Skelton of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Manny A. Frade of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten), entered October 26, 2018, which, to the extent appealed from, denied the motion of defendant Nissan North America, Inc. (Nissan) to dismiss the claims against it for (1) foreclosure of a mechanic's lien and (2) quantum meruit, unanimously modified, on the law, to dismiss plaintiff's claim for quantum meruit, and otherwise affirmed, without costs.
To establish the right to enforce a mechanic's lien, a contractor must make a prima facie case that the lien is valid, and that it is entitled to the amount asserted in the lien (Ruckle & Guarino, Inc. v Hangan, 49 AD3d 267, 267 [1st Dept 2008]). Plaintiff has sufficiently alleged that it is entitled to foreclose on the lien, and the documents submitted in connection with the dismissal motion do not "conclusively establish[] a defense to the asserted claims as a matter of law" (150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]).
Nissan asserts that the mechanic's lien was "willfully exaggerated" because plaintiff failed to apportion the work over two leasehold interests (namely, nonparty BICOM, the signatory of the contract with plaintiff, and Nissan). It also contends that plaintiff stopped all work before even starting work on the Nissan facility, and thus the lien was willfully exaggerated because it included claims for work that benefited BICOM and not Nissan. These arguments fail.
First, Lien Law § 10 provides no indication that multiple liens should or must be filed for the work performed under one contract at a single premises. Second, the documents submitted on the motion do not "conclusively establish" that plaintiff performed no work for Nissan's benefit before walking off the project (150 Broadway, 14 AD3d at 5). In fact, Nissan acknowledges that many areas of the shared property were not separate spaces, and contained important common areas and services.
The IAS court also properly rejected Nissan's argument that plaintiff's execution of a partial lien waiver precluded it from subsequently filing a mechanic's lien. It is uncontested that the lien waiver at issue was not accompanied by the payment that plaintiff had expected to receive (Katz v Anchor Constr., 247 AD2d 339 [1st Dept 1998]). The IAS court properly found that Nissan's reliance on the lien waiver did not "conclusively establish" its defense that the lien was willfully exaggerated (150 Broadway, 14 AD3d at 5). This is particularly true given the fact that the issue of exaggeration is one "that [] ordinarily must be determined at the trial of the foreclosure action," as it requires not only a showing of exaggeration, but also that the exaggeration was done intentionally (Aaron v Great Bay Contr., 290 AD2d 326, 326 [1st Dept 2002]).
With respect to the cause of action for quantum meruit, the IAS court should have dismissed this claim. It is well-settled that the "theory of unjust enrichment lies as a quasi-contract claim," and contemplates "an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]). Thus, the presence of a written contract between plaintiff and BICOM governing all aspects of the work to be done at the property bars any quantum meruit claim by plaintiff against Nissan. "[T]here can be no quasi-contract claim against a third-party non-signatory to a contract that covers the subject matter of the claim" (Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 464 [1st Dept 2012], lv denied 19 NY3d 804 [2012]).
We have considered the parties' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK