DEMBER CONSTRUCTION CORPORATION, Respondent, v P & R ELECTRIC CORP., Appellant.

Second Department, September 2, 1980

APPEARANCES OF COUNSEL

*Demov, Morris, Kevin & Shein (Michael H. Klein* of counsel), for appellant.

*Harold S. Elovich* for respondent.

**OPINION OF THE COURT**

TITONE, J.

The question presented upon appeal is whether a notice of mechanic's lien, otherwise properly filed, is subject to summary discharge pursuant to subdivision (6) of section 19 of the Lien Law for failure of the lienor to allege, upon the face of the notice of lien, compliance with the provisions of section 15 of the Lien Law. Following are the facts upon which this question arose.

On or about September 3, 1976, Dember Construction Corporation contracted with IBM Corporation to erect for IBM a commercial building in Kings County. The general contract between IBM and Dember obligated the latter to employ and subcontract with minority businesses, in compliance with the President's Executive Order No. 11246 (US Code, Cong & Admin News, 1965, p 4416), as amended, on the subject of equal employment opportunity. Accordingly, Dember awarded a subcontract for all of the electric work in the project to Berkel Electric Co., Inc., a minority contractor.

In turn, Berkel assigned to P & R Electric Corporation the "benefits and obligations" of its subcontract with Dember, "because P & R would be doing the work." Paragraph 6 (t) of the subcontract prohibits assignment without the prior written consent of the general contractor, and the record fails to disclose the existence of any written consent to the assignment by Dember. The parties to this appeal dispute whether Dember had ever approved, and actively participated in, the assignment of the subcontract from Berkel to P & R Electric.

P & R contends that it had been the preferred and the intended subcontractor, but that Dember, being required to choose a minority concern, subcontracted to Berkel. Moreover, while Dember alleged that it had dealt only with Berkel, and stated that all requisitions for payment were made by Berkel and that all payments were made to Berkel, P & R asserted that it, and not Berkel, had provided all of the materials and labor in connection with the electrical subcontract.

On November 22, 1978 P & R filed a notice of mechanic's

lien in the sum of $243,000 against the IBM property to secure its alleged interest in unpaid sums relating to labor and materials actually furnished to the project and to materials which were manufactured for, but not delivered to the project. By order to show cause dated February 7, 1979, Dember moved for a summary discharge of the mechanic's lien.*

Special Term granted the relief sought upon two grounds: first, because P & R, as an assignee of the "benefits and obligations" of the subcontract between Dember and Berkel, was not a lienor as defined in subdivision 1 of section 2 of the Lien Law because it was not a "successor in interest"; and, second, because the purported lienor failed to record notice of its assignment, as required by section 15 of the Lien Law, it "ha[d] no lien".

■ ■ Special Term erred in granting Dember summary discharge of P & R's notice of a mechanic's lien under subdivision (6) of section 19 of the Lien Law. From a reading of the face of the notice of lien it is apparent that there are no defects thereon of the type contemplated within such statutory provision governing the drastic remedy of summary discharge.

Specifically, subdivision (6) of section 19 of the Lien Law authorizes summary discharge whenever: first, the character of the labor or the materials furnished as identified upon the face of the notice of lien, and for which a lien is claimed, discloses the absence of a valid lien; or, second, the notice of lien is invalid for failure of the lienor to have complied with the provisions of section 9 of the Lien Law relative to particular contents of the notice; or, third, public records disclose a failure to have complied with section 10 of the Lien Law relative to filing requirements.

However, it was not upon any of these bases that Dember sought summary discharge of the lien filed by P & R. Rather,

---

* Pursuant to subdivision (6) of section 19 of the Lien Law, an order summarily discharging of record an alleged lien may be sought either by the owner of the property subject to the lien, or by "any other party in interest". We have no difficulty in finding Dember a party in interest. The general contract between IBM and Dember provided, in paragraph 6.6.1, that IBM "may withdraw payments otherwise due the contractor from any application for payment * * * as necessary to reasonably protect IBM against loss because of claims by other parties filed in connection with the work", and, in paragraph 6.7.1.2, that "[r]eceipt of the contractor's application for final payment must be preceded or accompanied by release of record of all liens which affect IBM's real property."

Dember alleged a facial defect in the notice of lien because P & R was an "alleged assignee of the claim of Berkel, which had furnished labor and materials"; Berkel, as assignor, "did not have the right to file a Notice of Mechanic's Lien" and had not done so; a "successor in interest", pursuant to section 2 of the Lien Law, is one who succeeds to the rights of another under a previously filed, valid notice of lien; hence, P & R lacked standing pursuant to sections 2 and 3 of the Lien Law to file a notice of lien.

Dember's argument succeeded at Special Term, which, by order dated July 6, 1979, vacated and discharged of record the mechanic's lien. The court's memorandum decision indicated a dual basis for discharge of the lien. I find neither to have been applied correctly to the facts of this case.

■ Focusing upon that language in the notice of lien which recited assignment to P & R of "the benefits and obligations" of a contract between Berkel and Dember, Special Term correctly concluded that P & R had "not become a subcontractor of Berkel but a mere assignee" of the subcontract between Dember and Berkel. However, the court incorrectly concluded therefrom that as "an assignee of a claim for work and materials", P & R was not entitled to file a notice of lien because it was not a "successor in interest" within the meaning of subdivision 1 of section 2 of the Lien Law. That subdivision provides that "[t]he term 'lienor,' when used in this chapter, means any person having a lien upon property by virtue of its provisions, and includes his successor in interest."

It is well settled that a successor in interest, for purposes of the application of subdivision 1 of section 2 of the Lien Law, may only be "one who succeeds to a lienor's rights under a valid notice of lien *already filed,* by assignment or otherwise * * * [T]he assignor must have an existing lien before he can have a 'successor in interest' " *(Tisdale Lbr. Co. v Read Realty Co.,* 154 App Div 270, 271).

This rule excludes from the definition of lienor those who are assignees of claims for money arising solely out of the performance of labor and/or the furnishing of materials by others for the simple reason that a mechanic's lien is a remedy, the right to which is personal to the laborer, predicated upon his labor *(Rollin v Cross,* 45 NY 766). Since the right is a personal one, it is only the laborer or materialman who may obtain the provisional remedy of a mechanic's lien;

he may have a successor in interest only when he has already prima facie established his claim by having filed, properly and validly, a notice of lien.

*In this instance, P & R did not file its notice of mechanic's lien as a successor in interest either to a previously filed notice of lien, or to a claim properly assertable by Berkel. P & R asserted a right in its own name as the provider of the unpaid labor and materials.* Although the notice of lien does not particularly so state, a fair reading leads with little obstacle to that conclusion. There is, moreover, no evidence in the record, and Dember agrees, that Berkel ever filed a notice of mechanic's lien for labor and materials furnished under its subcontract with Dember. P & R was not, therefore, and could not have been, a successor in interest, and Special Term erroneously concluded that P & R was asserting that status in reference to itself as an assignee. *By recitation of the assignment of the benefits and obligations of the subcontract, P & R merely stated that it had been assigned the right to become the laborer, and upon the completion of performance of those assigned obligations, became entitled to file a lien.* Hence, that reliance placed upon the inapplicability of subdivision 1 of section 2 of the Lien Law by both Dember and Special Term could not result in P & R being denied its remedy. P & R alleged that it was the laborer and hence, the lienor, and in said fashion, created no facial defect under subdivision (6) of section 19 of the Lien Law which would justify summary discharge.

Moreover, insofar as Dember disputes the providing of labor and the furnishing of materials by P & R, it has not pointed out a defect on the face of the notice of lien, but has raised a question of fact, a question which per se disentitles it to summary discharge of the notice (see *Matter of Harbour Green Estates v North Shore Elec. Corp.,* 7 Misc 2d 541).

■ I also conclude that Special Term erred in focusing upon and considering the requirements of section 15 of the Lien Law in determining to grant summary discharge of P & R's notice of mechanic's lien. Section 15 speaks to the requirement of filing assignments of contracts and orders, and states, *inter alia:* "nor shall any such assignment or order be valid for any purpose, unless the contract * * * or a statement containing the substance thereof and such assignment or a copy of each * * * be filed within ten days after the date of such assignment of contract * * * in the office of the county

clerk of the county wherein the real property improved or to be improved is situated and such contract, assignment or order shall have effect and be enforceable from the time of such filing, and no such assignment or order shall have any validity until the same shall have been so filed, and every such assignemnt or order, not recorded, shall be absolutely void as against a subsequent assignee in good faith and for valuable consideration, whose assignment or order is first duly recorded."

Notwithstanding the apparently broad language employed, this provision specifically was intended "for the security of those furnishing labor or material upon the strength and credit of the contract, and others taking like assignments or orders without notice of the assignment of an interest in the contract or of the moneys payable thereunder" (*Armstrong v Chisolm,* 99 App Div 465, 469; see, also, *Harvey v Brewer,* 178 NY 5). Special Term, however, in apparent reliance upon that language which stated that the "assignment * * * [shall not] be valid for any purpose, unless the contract * * * or a statement containing the substance thereof and such assignment * * * be filed" (Lien Law, § 15), concluded that "where a supposed lienor relies upon an assignment, as in this case, he must, on the face of the lien, show compliance with Section 15 of the Lien Law", and thereby extended the obligation of that provision into the purview of subdivision (6) of section 19.

I conclude that subdivision (6) of section 19 of the Lien Law may not be so liberally construed (see *Matter of Supreme Plumbing Co. v Seadco Bldg. Corp.,* 224 App Div 844). That statute does not, by any fair reading, mandate a recital of the observance of the filing requirements of section 15 in order to avoid a facial defect upon which summary discharge might be predicated. Moreover, to hold otherwise would be to subscribe to and indorse a failure of logic in statutory interpretation. This is made clear by decisions in which an analogous situation was considered. For example, where there exists a valid contractual waiver of a laborer's or materialman's right to file a notice of mechanic's lien to secure payments due him, the beneficiary of said waiver has been held not to be entitled to rely upon it in seeking summary discharge of a notice of lien, otherwise valid on its face, where such waiver of the right to file is not apparent upon the face of the notice of lien (*Matter of Harbour Green Estates v North Shore Elec. Corp.,* 7 Misc 2d 541, *supra; Matter of Joseph P. Blitz, Inc. v Di Cesare &*

*Monaco Bldg. Co.,* 36 Misc 2d 1028). The reasoning is easily comprehended: a valid contractual waiver of the right to file a lien precludes the prospective lienor from seeking to establish a right to moneys claimed to be due on the basis of his agreement to be so barred. Likewise, the failure to record an assignment under the provisions of section 15 precludes the prospective assignee/lienor from establishing his preferred right, within a schedule of priorities, to share in a specific fund. That failure to file does not concomitantly permit the prospective payor from summarily discharging a notice of lien which is not defective on its face by reason of failure to have met the obligations recited in subdivison (6) of section 19: the objective of subdivision (6) of section 19 and of section 15 differ, their requirements differ, and, hence, the availability of one to substantively affect the other is yet to be established. As was held with respect to the defense of nonlienability, " '[w]hether this defense must be reserved for the trial of the issues, or whether it may be asserted as a basis for summary discharge of the notice of lien * * * *depends upon whether it rests on facts appearing on the face of the notice and the record, and whether the facts with regard thereto are disputed' " (Matter of Atlantic Cement Co. v St. Lawrence Cement Co.,* 22 AD2d 228, 230).

Regardless of the conflicting assertions of the parties with respect to P & R's entitlement to moneys for labor and for materials, and regardless of their substantive merits, Dember has failed to demonstrate that the notice of mechanic's lien filed by P & R is in contravention of the requirements imposed by subdivision (6) of section 19 of the Lien Law: Dember was not, then, entitled to succeed in its application for summary discharge of the notice of lien, and Special Term's order granting that application must be reversed. A court has no inherent power to discharge of record a notice of mechanic's lien except as authorized by subdivision (6) of section 19 of the Lien Law. (See *Matter of Milbank-Frawley Housing Dev. Fund Co. v Marshall Constr. Co.,* 71 Misc 2d 42; *Di Camillo v Navitsky,* 90 Misc 2d 923.) Where, as here, the specific requirements of that statute have been observed, and, hence, there exists no defect upon the face of a notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure *(Di Camillo v Navitsky, supra; Matter of Refrod Realty Corp.,* 216 NYS2d 564).

Hopkins, J. P., Lazer, Mangano and O'Connor, JJ., concur.

Order of the Supreme Court, Kings County, entered July 11, 1979, reversed, on the law, without costs or disbursements, and motion to summarily discharge the appellant's mechanic's lien denied.