■ CARE SYSTEMS, INC., Respondent, v EDWARD LARAMEE, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Doran, J.), entered January 4, 1989 in Albany County, which denied defendant's motion to vacate a mechanic's lien.

Defendant moved to summarily vacate a mechanic's lien in the amount of $18,333.41 filed against his property in Saratoga County by plaintiff, on or about November 10, 1987. The lien arose from a contract whereby plaintiff was to construct an addition on defendant's home. The contract was to be performed according to plans furnished by defendant and provided for payment of a total price of $28,797.38, materials and labor. An agreed-upon change order of $3,221.61 was included in that price. The contract further provided that any modification or alteration had to be in writing. Defendant has paid the full contract price and this fact is not disputed.

Based on this payment in full and on the requirement in the contract that authorization of any modification must be in writing, defendant moved to summarily vacate the lien and requested counsel fees due to the alleged exaggeration of the lien. As justification for its filing of the lien, plaintiff alleges that it was confronted with a foundation that had been improperly laid by defendant and that numerous cost overruns and expenses were necessitated as a result, if the work contemplated by defendant was to be done according to his plans. Plaintiff further contends that defendant insisted that the work proceed when he was so informed. Additionally, plaintiff alleges that defendant's blueprints had to be revised no fewer than five times during the course of construction and that no fewer than 15 change orders were requested by defendant. Supreme Court denied defendant's motion to sum-

marily discharge plaintiff's mechanic's lien and to assess damages for willful exaggeration thereof in a decision that held that the cost and expense of the extras and the claimed willful exaggeration must be subject to a hearing.

We agree in the result reached by Supreme Court that defendant's motion should be denied. Under the provisions of Lien Law § 3, one of the requisites for obtaining a valid mechanic's lien is the consent or request of the owner or his agent or contractor that the improvement be made. This consent is the *sine qua non* to the validity of the lien *(Delaney & Co. v Duvoli,* 278 NY 328, 331). Plaintiff alleges that defendant insisted that the work be performed when he was informed by plaintiff of the improperly laid foundation. Defendant relies on the provisions of the contract requiring a writing for any change or modification. This reliance is misplaced. "A notice of lien may include amounts due from both written contracts and from change orders for extras depending on whether the owner of the property sought to be liened has given his consent for the extra work" *(Matter of Forman v Pala Constr. Co.,* 124 AD2d 453, 455). When an owner knowingly receives and accepts the benefits of extra work orally directed by himself and his agents, that owner is equitably bound to pay the reasonable value thereof, notwithstanding the provisions of his contract that any extra work must be supported by a written authorization signed by the owner; such conduct constitutes a waiver of that requirement *(see, La Rose v Backer,* 11 AD2d 314, 319-320, *affd* 11 NY2d 760).

In order to succeed on its application for summary discharge of the notice of lien, defendant is required to demonstrate that the notice of lien filed by plaintiff is in contravention of the requirements imposed by Lien Law § 19 (6) *(see, Dember Constr. Corp. v P & R Elec. Corp.,* 76 AD2d 540, 546), and this he has failed to do. In the absence of a defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial of the foreclosure action *(supra).* Thus, the critical issue herein, whether defendant requested or consented to the performance of the extras as alleged by plaintiff *(see, Harner v Schecter,* 105 AD2d 932), cannot be resolved on this motion, but must be determined at trial.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.