■ Pontos Renovation Inc., Appellant, v Kitano Arms Corporation et al., Respondents. [611 NYS2d 538] —Order, Supreme Court, New York County (Lewis R. Friedman, J.), entered March 10, 1993 which summarily vacated the plaintiff's mechanic's lien, unanimously reversed, on the law, the lien reinstated, and the matter is remanded for further proceedings, with costs and disbursements.

The trial court concluded that the dispositive issue on the motion was "whether the owner, Kitano, consented to plaintiff's work on the project". Apart from the fact that the evidence presented to the trial court merely raises an issue of fact as to whether such consent was given, it is clear that the issue, in any event, was not one that could be resolved upon defendant's motion to vacate the lien. It has been stated that "[i]n the absence of a defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial of the foreclosure action" (Care Sys. v Laramee, 155 AD2d 770, 771). In Care Sys. v Laramee (supra, at 771), the critical issue was "whether defendant requested or consented to the performance of the extras as alleged by plaintiff". The Court therein concluded that the issue could not be resolved on defendant's motion to summarily vacate the lien, but had to be determined at trial. The same result is required in this case. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.