■ COPPOLA GENERAL CONTRACTING CORPORATION, Appellant, v NOBLE HOUSE CONSTRUCTION OF NY, INC., et al.,

Respondents. [638 NYS2d 207] —Casey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 19, 1995 in Sullivan County, which granted a motion by defendants Joseph Wojciechowicz and Catherine Wojciechowicz to discharge a mechanic's lien.

Plaintiff filed a mechanic's lien in the amount of $13,643 against property owned by defendants Joseph Wojciechowicz and Catherine Wojciechowicz (hereinafter collectively referred to as defendants). Defendant Noble House Construction of NY, Inc. had contracted with defendants to act as general contractor in the construction of a house on their property and had subcontracted with plaintiff, who agreed to perform certain excavation, grading and paving work in connection with the construction of the house. The written contract between plaintiff and Noble called for the payment of $29,525 for the work performed by plaintiff and it is undisputed that plaintiff received $15,882 from Noble.

Relying upon the derivative nature of plaintiff's lien (*see, DiVeronica Bros. v Basset*, 213 AD2d 936), defendants sought plaintiff's consent to vacate the lien and in return agreed to hold in escrow the undistributed balance owed by defendants upon completion of the project by Noble. According to defendants, the amount of the undistributed balance is $7,152. Plaintiff refused defendants' offer, prompting defendants' motion to vacate the lien. Supreme Court concluded that plaintiff's refusal of defendants' escrow offer was unreasonable and vacated the lien "in the interest of justice". The court also noted that plaintiff's claim regarding the amount of its contract with Noble "is totally wrong".

Lien Law § 19 provides the grounds for the discharge of a mechanic's lien for private improvement. The statute contains no provision which authorizes the court to vacate or discharge a mechanic's lien based upon the interest of justice. "In the absence of a defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial of the foreclosure action" (*Care Sys. v Laramee*, 155 AD2d 770, 771). Although Lien Law § 39 provides that a willfully exaggerated lien is void (*see, Goodman v Del-Sa-Co Foods*, 15 NY2d 191, 194-195), the issue of wilful and/or fraudulent exaggeration is also one which ordinarily must be determined at the trial of the foreclosure action (*see, Matter of Upstate Bldrs. Supply Corp. [Maple Knoll Apts.]*, 37 AD2d 901, 902, *appeal dismissed* 30 NY2d 515). Defendants failed to meet their burden as the proponents of a motion for summary discharge of the lien (*see, Care Sys. v Laramee, supra*, at 771) and,

therefore, Supreme Court's order granting the motion must be reversed.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.