■ Mario's Home Center, Inc., Plaintiff, v Robert J. Welch et al., Defendants, and William N. Van Alstine, Appellant, and Hughes Electrical Service, Respondent. [713 NYS2d 244] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered May 6, 1999 in Columbia County, which denied defendant William N. Van Alstine's motion to discharge and nullify the mechanic's lien filed by defendant Hughes Electrical Service.

After performing certain electrical subcontracting work in connection with a construction project at a single-family dwelling, defendant Hughes Electrical Service filed a mechanic's lien against the property, which is owned by defendant Wil-

liam N. Van Alstine (hereinafter defendant). Thereafter, defendant moved to, *inter alia*, summarily discharge the mechanic's lien alleging that the notice of lien was facially defective pursuant to Lien Law § 10 (1) because it was not filed within four months after the last date Hughes furnished labor and materials for the project. Supreme Court denied the motion and this appeal ensued.

Contrary to defendant's suggestion, Lien Law § 10 (1) does not limit the time for filing a notice of lien to the four months following the last date that labor and materials were furnished, but specifically allows a notice of lien to be filed "at any time during the progress of the work and the furnishing of the materials". Here, the notice of lien indicates that the work is still in progress and neither the final performance of the contract nor the final furnishing of labor and materials had occurred at the time of filing. Since it appears that the requirements of Lien Law § 10 (1) have been observed and that there exists no defect upon the face of the notice of lien, Supreme Court properly determined that summary discharge of the mechanic's lien was inappropriate (*see generally, Coppola Gen. Contr. Corp. v Noble House Constr.*, 224 AD2d 856; *Care Sys. v Laramee*, 155 AD2d 770; *Dember Constr. Corp. v P & R Elec. Corp.*, 76 AD2d 540; *cf., Metivier v Sarandrea*, 154 Misc 2d 355, *affd* 187 AD2d 963; *see also*, Lien Law § 19 [6]). Accordingly, the order of Supreme Court is affirmed.

Cardona, P. J., Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.