ESTELLE AARON, Appellant, v GREAT BAY CONTRACTING, INC., Respondent. [736 NYS2d 359] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about March 19, 2001, which denied petitioner's application to discharge or reduce respondent's mechanic's lien, unanimously affirmed, without costs.

Pertinent provisions of the parties' contract governing respondent's renovation of petitioner's apartment provide for a final payment "on the date the job is completed and signed [off] by [petitioner's] Architect," with any disputes as to the quality of the work and whether or not it has been completed to be resolved solely and finally by petitioner's architect. Respondent filed a notice of mechanic's lien for an amount approximating the final payment specified in the contract, which lien petitioner seeks to discharge on the ground that the final payment is not due since her architect never signed off on the job. The application was properly denied since it does not appear from the face of the lien that it is invalid "by reason of the character of the labor or materials furnished" (Lien Law § 19 [6]) or for any other reason set forth in section 19 (*see, Matter of Supreme Plumbing Co. v Seadco Bldg. Corp.*, 224 App Div 844). Rather, the validity of the lien plainly turns on a dispute as to whether respondent has completed the work required by the contract, and, accordingly, must await trial of the foreclosure action (*see, Care Sys. v Laramee*, 155 AD2d 770, 771; *Matter of Atlantic Cement Co. v St. Lawrence Cement Co.*, 22 AD2d 228). Nor should the lien be reduced on the basis of the contract clause providing damages for delay, which in petitioner's view results in the lien being exaggerated. Although Lien Law § 39 provides that a willfully exaggerated lien is void, the issue of willful or fraudulent exaggeration is one that also ordinarily must be determined at the trial of the foreclosure action (*see, Coppola Gen. Contr. Corp. v Noble House Constr.*, 224 AD2d 856). We have considered petitioner's other arguments and find them unavailing. The best resolution of this matter is that there be a speedy trial, to which the parties committed themselves on oral agreement. Concur—Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.