In the Matter of SHELDON LOWE, Respondent. J.C. CON-STRUCTION MANAGEMENT CORP., Appellant. [772 NYS2d 359]—

In a proceeding, inter alia, pursuant to Lien Law § 19 (6) to summarily discharge a mechanic's lien, the appeal is from an order of the Supreme Court, Suffolk County (Costello, J.), dated December 20, 2002, which granted the petition to discharge the lien on the ground that it was time-barred.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the notice of lien is reinstated.

It is well settled that a court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6) (*see Dember Constr. Corp. v P & R Elec. Corp.,* 76 AD2d 540, 546 [1980]; *Matter of Supreme Plumbing Co. v Seadco Bldg. Corp.,* 224 App Div 844 [1928]). Lien Law § 19 provides the grounds for the discharge of a mechanic's lien interposed against a nonpublic improvement (*see Coppola Gen. Contr. Corp. v Noble House Constr. of NY,* 224 AD2d 856, 857 [1996]). The petition to discharge the appellant's mechanic's lien was based upon the assertion that the lien was not filed within the requisite four-month period set forth in Lien Law § 10 (1). However, insofar as the petitioner sought summary discharge pursuant to Lien Law § 19 (6), the notice of lien was not invalid on its face and thus was not subject to summary discharge. The notice of lien recited, inter alia, the petitioner's nonpayment, and set forth dates indicating that the lien *was* filed within four months after the appellant's last work on the job. This was a facially-valid lien (*see Melniker v Grae,* 82 AD2d 798 [1981]). As such, since there was no defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure, and the Supreme Court erred in summarily discharging the lien (*id.; see Dember Constr. Corp. v P & R Elec. Corp., supra* at 546; *see also Aaron v Great Bay Contr.,* 290 AD2d 326 [2002]; *Mario's Home Ctr. v Welch,* 275 AD2d 839, 840 [2000]; *Coppola Gen. Contr. Corp., v Noble House Constr. of NY, supra; Pontos Renovation v Kitano Arms Corp.,* 204 AD2d 87 [1994]).

The petitioner's remaining contentions are without merit. Santucci, J.P., S. Miller, Townes and Rivera, JJ., concur.