■ In the Matter of ABRAHAM RETEK, Appellant, v CITY OF NEW YORK et al., Respondents. [789 NYS2d 263]—

In a proceeding pursuant to Lien Law § 19 (6) to summarily discharge a mechanic's lien, the petitioner appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 17, 2003, which granted the respondents' cross motion to dismiss the petition.

Ordered that the order is affirmed, with costs.

A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6) (*see Matter of Lowe,* 4 AD3d 476 [2004]; *Dember Constr. Corp. v P & R Elec. Corp.,* 76 AD2d 540, 546 [1980]). Where "there [is] no defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure" (*Matter of Lowe, supra* at 476; *Dember Constr. Corp. v P & R Elec. Corp., supra*). To the extent that the Supreme Court may have exceeded its authority in resolving issues of fact in this summary proceeding, the respondents waived any argument to this effect by their submission of evidentiary material for the court's review. In any event, the Supreme Court properly granted the respondents' cross motion to dismiss the petition.

The Supreme Court correctly rejected the petitioner's argument as to the necessity for commencement of an action prior to filing a notice of lien. The Department of Housing Preservation and Development (hereinafter DHPD) "may commence an action against the owner for recovery of [relocation] expenses" and "institution of such action shall not suspend or bar the right to pursue any other remedy provided by this section or any other law for the recovery of such expenses" (Administrative Code of City of New York § 26-305 [3]; *see Matter of Gibor Assoc. v City of New York,* 91 Misc 2d 915, 917 [1977]). Further, there is no merit to the petitioner's argument that hotel expenses incurred by DHPD for relocating the tenants who vacated the subject premises pursuant to a vacate order issued by the Buildings Department are not recoverable. DHPD is required to offer temporary shelter to relocatees, and temporary shelter benefits is a separate item, in addition to, moving expenses (*see* 28 RCNY 18-01 [b], [c], [d]).

The petitioner's argument that the term "tenant" as used in Administrative Code of City of New York § 26-301 is limited to the named tenant on a lease is without merit (28 RCNY 18-01 [a]; *see City of New York v New York & Hong Kong Reciprocation Exch. Corp.,* 193 Misc 2d 716, 719-720 [2002]). "Relocatee" is defined under 28 RCNY 18-01 as "an individual or a head of household and his/her family, deprived of a permanent residence rented by him/her or them in the City of New York as a direct result of the enforcement of a Vacate Order" (28 RCNY 18-01 [a]). The term "Family" shall include "those persons who permanently resided with a head of household at the time the Vacate Order was issued" (28 RCNY 18-01 [a]). Thus, the term "tenant" includes the members of the tenant's household who permanently resided with him or her at the time the vacate order was issued.

The petitioner's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.