In the Matter of NORTHSIDE TOWER REALTY, LLC, Respondent, v KLIN CONSTRUCTION GROUP, INC., Appellant. [899 NYS2d 900]—

In a proceeding, in effect, pursuant to Lien Law § 19 (6) to summarily discharge a mechanic's lien, Klin Construction Group, Inc., appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 24, 2009, which granted the petition on the ground of payment, and directed summary discharge of the lien.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the notice of lien is reinstated.

A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6) (*see Dember Constr. Corp. v P & R Elec. Corp.*, 76 AD2d 540, 546 [1980]; *Matter of Supreme Plumbing Co., Inc. v Seadco Bldg. Corp., Inc.*, 224 App Div 844 [1928]). Lien Law § 19 provides the grounds for the discharge of a mechanic's lien interposed against a nonpublic improvement (*see Coppola Gen. Contr. Corp. v Noble House Constr. of N.Y.*, 224 AD2d 856, 857 [1996]). The petition to discharge the appellant's mechanic's lien was based upon the assertion that the owner of the property fully paid the general contractor for excavation and foundation work before the lien was filed by the appellant subcontractor. However, insofar as the petitioner sought summary discharge pursuant to Lien Law § 19 (6), the notice of lien was not invalid on its face and, thus, was not subject to summary discharge. Accordingly, since there was no defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial thereof by

foreclosure, and the Supreme Court erred in directing summary discharge of the lien (*see Matter of Lowe*, 4 AD3d 476 [2004]; *Dember Constr. Corp. v P & R Elec. Corp.*, 76 AD2d at 546; *see also Aaron v Great Bay Contr.*, 290 AD2d 326 [2002]; *Mario's Home Ctr. v Welch*, 275 AD2d 839, 840 [2000]; *Coppola Gen. Contr. Corp. v Noble House Constr. of N.Y.*, 224 AD2d 856 [1996]; *Pontos Renovation v Kitano Arms Corp.*, 204 AD2d 87 [1994]).

The parties' remaining contentions are without merit. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur. **[Prior Case History: 23 Misc 3d 1116(A), 2009 NY Slip Op 50779(U).]**