■ In the Matter of GOLD DEVELOPMENT & MANAGEMENT, LLC, Respondent, v P.J. CONTRACTING CORP., Appellant. [903 NYS2d 245]—In a proceeding to vacate a mechanic's lien, the lienor appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Shack, J.), dated May 15,

2009, as granted the petition to vacate the mechanic's lien to the extent of reducing the mechanic's lien from the sum of $120,250 to the sum of $8,430.60.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied in its entirety, and the proceeding is dismissed.

As this Court stated in *Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.* (73 AD3d 1072, 1072 [2010]), "[a] court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6)" (*see Matter of Retek v City of New York*, 14 AD3d 708, 709 [2005]; *Matter of Lowe*, 4 AD3d 476 [2004]). Since the mechanic's lien in issue was not invalid on its face, it was not subject to summary discharge pursuant to Lien Law § 19 (6), and "any dispute regarding the validity of the lien must await trial thereof by foreclosure" (*Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d at 1072-1073).

The lienor's remaining contentions need not be addressed in light of our determination. Skelos, J.P., Covello, Angiolillo and Sgroi, JJ., concur.