■ Bryan's Quality Plus, LLC, Appellant, v Serge Dorime, Respondent, et al., Defendants. [915 NYS2d 135]—

In an action to foreclose on a mechanic's lien, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 27, 2009, as granted that branch of the pre-answer motion of the defendant Serge Dorime which was to vacate the plaintiff's mechanic's lien to the extent of reducing the lien from the sum of $257,950 to the sum of $65,950, and setting the matter down for a hearing concerning the validity of the remainder of the plaintiff's lien.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and that branch of the pre-answer motion of the defendant Serge Dorime which was to vacate the plaintiff's mechanic's lien is denied in its entirety.

A court has no power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6) (*see Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp.*, 74 AD3d 1340 [2010]; *Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d 1072 [2010]; *Dember Constr. Corp. v P & R Elec. Corp.*, 76 AD2d 540, 546 [1980]). "Lien Law § 19 provides the grounds for the discharge of a mechanic's lien interposed against a nonpublic improvement" (*Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d at 1072, citing *Coppola Gen. Contr. Corp. v Noble House Constr. of N.Y.*, 224 AD2d 856, 857 [1996]).

The Supreme Court improperly vacated the portion of the plaintiff's mechanic's lien seeking the sum of $192,000. Contrary to the Supreme Court's finding, the lien was not defective on its face because it included charges by the plaintiff subcontractor for standby time, since such charges may be the subject of a lien (*see L. B. Foster Co. v Terry Contr.*, 34 AD2d 638 [1970]; *see also Pontos Renovation v Kitano Arms Corp.*, 204 AD2d 87 [1994]; *Care Sys. v Laramee*, 155 AD2d 770 [1989]). Contrary to the position of the defendant owner, the validity of such charges will have to be determined at trial and the lien for those charges cannot be summarily discharged (*see Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d at 1072-1073).

The Supreme Court also improperly set the matter down for a framed-issue hearing concerning the validity of the remainder of the lien to determine if the defendant owner made full payment to the defendant contractor for the installation of the

mini-piles prior to the filing of the mechanic's lien by the plaintiff. The Supreme Court's determination that a hearing was necessary to explore the merits of the lien and whether it was valid did not provide a basis for a pre-answer framed-issue hearing. Instead, in the absence of a defect upon the face of the notice of the lien, "any dispute regarding the validity of the lien must await trial thereof by foreclosure" (*Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d at 1072-1073; *see Matter of Lowe*, 4 AD3d 476 [2004]; *Dember Constr. Corp. v P & R Elec. Corp.*, 76 AD2d at 546; *see also Aaron v Great Bay Contr.*, 290 AD2d 326 [2002]; *Mario's Home Ctr. v Welch*, 275 AD2d 839, 840 [2000]; *Coppola Gen. Contr. Corp., v Noble House Constr. of N.Y.*, 224 AD2d at 857; *Pontos Renovation v Kitano Arms Corp.*, 204 AD2d 87 [1994]). Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.