■ In the Matter of LUCKYLAND (N.Y.), LLC, Respondent, v CORE CONTINENTAL CONSTRUCTION, LLC, Appellant, et al., Respondent. [921 NYS2d 537]—

In a proceeding pursuant to Lien Law § 19 (6) to summarily

discharge two mechanic's liens, Core Continental Construction, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 22, 2010, as granted that branch of the petition which was to summarily discharge its mechanic's lien.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to summarily discharge the appellant's mechanic's lien is denied.

A court has no inherent power to vacate or discharge a mechanic's lien except as authorized under Lien Law § 19 (6) (*see Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp.*, 74 AD3d 1340, 1341 [2010]; *Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d 1072 [2010]; *Matter of Retek v City of New York*, 14 AD3d 708, 709 [2005]). "Lien Law § 19 provides the grounds for the discharge of a mechanic's lien for private improvement" (*Coppola Gen. Contr. Corp. v Noble House Constr. of N.Y.*, 224 AD2d 856, 857 [1996]).

In this case, that branch of the petition which was to summarily discharge the appellant's mechanic's lien was based upon the assertions that, inter alia, the appellant, the general contractor for the subject construction project, did not fulfill its contractual obligations and complete the work because of a stop work order which resulted from its improper work and which it failed to remove. However, since the petitioner sought summary discharge pursuant to Lien Law § 19 (6), and the notice of lien was not invalid on its face, the lien was not subject to summary discharge. Accordingly, since there was no defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure (*see Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d at 1072-1073; *Matter of Lowe*, 4 AD3d 476 [2004]; *Dember Constr. Corp. v P & R Elec. Corp.*, 76 AD2d 540, 544 [1980]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court erred in directing summary discharge of the mechanic's lien. Covello, J.P., Eng, Hall and Roman, JJ., concur.