■ CONSTRUCTION FOR COMMERCE, INC., Respondent, v 1325 48TH ST., LLC, Appellant. [935 NYS2d 327]—

Lien Law § 19 (6) provides, with respect to a mechanic's lien for a private improvement, that a court may summarily discharge "of record the alleged lien" when "it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, or where for any other reason the

notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article, or where it appears from the public records that such notice has not been filed in accordance with the provisions of section ten of this article" (Lien Law § 19 [6]; *see Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC*, 83 AD3d 1073, 1074 [2011]). The defendant petitioned under this section to discharge the plaintiff's mechanic's lien dated October 1, 2009, the plaintiff did not appear in opposition, and the petition was granted on default in an order dated March 15, 2010. Thereafter, the plaintiff, alleging that it had never been served with the petition, moved, inter alia, in effect, pursuant to CPLR 5015 (a) (4) to vacate the order dated March 15, 2010, and to reinstate the mechanic's lien, and the Supreme Court granted those branches of its motion without holding a hearing as to service.

The Supreme Court should not have granted those branches of the plaintiff's motion which were, in effect, to vacate its default and to reinstate the mechanic's lien without first holding a hearing to determine whether the plaintiff was properly served with the defendant's petition to discharge the mechanic's lien. The process server's affidavit was prima facie evidence of proper service (*see Verille v Kopic*, 304 AD2d 823 [2003]), and the plaintiff rebutted the presumption of proper service. Therefore, a hearing was necessary to determine whether the plaintiff, in fact, had been properly served (*see Anello v Barry*, 149 AD2d 640, 640-641 [1989]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the plaintiff was properly served, and thereafter for a new determination of those branches of the plaintiff's motion. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.