In an action to foreclose a mechanic’s lien, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered September 24, 2012, as denied their motion pursuant to CFLR 3211 (a) and Lien Law §§ 10 and 19 (6) to dismiss the complaint.
*993 Ordered that the order is affirmed insofar as appealed from, with costs.
“A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6)” (Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc., 73 AD3d 1072, 1072 [2010]; see Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC, 83 AD3d 1073, 1074 [2011]; Bryan’s Quality Plus, LLC v Dorime, 80 AD3d 639, 640 [2011]; Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp., 74 AD3d 1340, 1341 [2010]). Here, the Supreme Court properly denied the defendants’ motion to dismiss the complaint. The mechanic’s lien at issue was not invalid on its face, and the documentary evidence raised issues of fact as to whether work performed at the subject premises within the statutory eight-month period (see Lien Law § 10) was performed pursuant to the parties’ contract (see Matter of Taocon, Inc. v Urban D.C. Inc., 110 AD3d 423 [2013]; Bryan’s Quality Plus, LLC v Dorime, 80 AD3d at 640; 72 Pyrgi v Gkam Corp., 293 AD2d 387, 388 [2002]). “[A]ny dispute regarding the validity of the lien must await trial thereof by foreclosure” (Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc., 73 AD3d at 1072-1073; see Bryan’s Quality Plus, LLC v Dorime, 80 AD3d at 641; see also Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC, 83 AD3d at 1074; Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp., 74 AD3d at 1341).
Balkin, J.E, Dickerson, Chambers and Hall, JJ., concur.