■ David Rivera, Appellant, v Department of Housing Preservation and Development of City of New York, Respondent, et al., Defendants. [12 NYS3d 574]—

In an action pursuant to RPAPL article 15 to vacate a mechanic's lien and for related declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated September 6, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied his cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19 (6) (*see Lane Constr. Co., Inc. v Chayat*, 117 AD3d 992, 993 [2014]; *Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC*, 83 AD3d 1073, 1074 [2011]; *Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp.*, 74 AD3d 1340, 1341 [2010]). Lien Law § 19 enumerates the grounds for the discharge of a mechanic's lien interposed against a nonpublic improvement (*see Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC*, 83 AD3d 1073, 1074 [2011]; *Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc.*, 73 AD3d 1072 [2010]; *Matter of Lowe*, 4 AD3d 476 [2004]). Where, as here, the notice of lien was not invalid on its face, any dispute regarding the validity of the lien must await trial thereof by foreclosure (*see Lane Constr. Co., Inc. v Chayat*, 117 AD3d 992, 993 [2014]; *Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC*, 83 AD3d 1073, 1074 [2011]; *Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp.*, 74 AD3d 1340, 1341 [2010]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defend-

ant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied the plaintiff's cross motion for summary judgment on the complaint. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.