This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 24
David Rivera,
            Appellant,
          v.
Department of Housing
Preservation and Development
of the City of New York,
            Respondent,
et al.,
            Defendants.
--------------------------
No. 25
In the Matter of Leonardo
Enriquez,
            Respondent,
          v.
Department of Housing
Preservation and Development
of the City of New York,
            Appellant.


Case No. 24:
        Jason Chang, for appellant.
        Jeremy W. Shweder, for respondent.


Case No. 25:
        Jeremy W. Shweder, for appellant.
        Ian R. Manas, for respondent.

GARCIA, J.:

        These cases concern liens placed upon property by the

New York City Department of Housing Preservation and Development

(HPD) for reimbursement of relocation expenses pursuant to

Administrative Code § 26-305.  The issue is whether a court may

- 1 -

summarily discharge such a lien for facial invalidity under Lien Law § 19(6) based on its finding that the notice of lien seeks an unreasonable amount of expenses.  We hold that any dispute about the reasonableness of claimed expenses in an otherwise facially valid notice of lien must be resolved through a foreclosure trial; summary discharge at this stage is not appropriate.

I.

The Administrative Code of the City of New York requires HPD to provide relocation services to residents of a privately owned building displaced by "the enforcement of any law, regulation, order or requirement pertaining to the maintenance or operation of such building or the health, safety and welfare of its occupants" (Administrative Code of City of NY § 26-301 [1] [a] [v]).  The Code empowers HPD to determine which relocation services are "necessary, useful or appropriate," and, pursuant to this authority, HPD has determined that it will provide temporary shelter for displaced tenants (Administrative Code of City of NY § 26-301 [1], 28 RCNY § 18-01).

Under Administrative Code § 26-305, building owners responsible for the violation that caused a vacate order must reimburse HPD's relocation expenses, including but not limited to "departmental costs, bonuses, moving expenses, or other reasonable allowances given to induce tenants to relocate voluntarily."  This statute was enacted in response to what was perceived as "a calloused attitude" by landlords "towards

providing services to the tenants" and in order to prevent landlords from using code violations to evict tenants that they could not otherwise legally evict (Department of Relocation Memorandum in Support of Local Law No. 15, at 1 [Oct. 19, 1967]). Accordingly, the statute sought to "place the cost of relocating unfortunate tenants on the shoulders of owners who have neglected their buildings or who are using the City's administrative functions to accomplish their own greedy financial purposes" and to provide the agency with the opportunity to recoup its relocation expenditures (id. at 3). The landlord's obligation for such expenses lasts as long as the tenant is in temporary housing -- that is, until the tenant is placed in permanent housing or is permitted, after any violations have been remedied, to return to the vacated apartment.

The Administrative Code provides that relocation expenses incurred by HPD constitute a lien on the property in question governed by the provisions of the Lien Law that are applicable to mechanic's liens (Administrative Code of City of NY § 26-305 [4]). Under Lien Law § 9 and Administrative Code § 26-305 (4) (a), a notice of lien must contain certain information, including the name and address of the lienor and any attorney representing the lienor, the name of the owner of the real property, the name of the lienor's employer, the labor performed or materials furnished and the agreed price or value, the amount unpaid to the lienor, the time when the first and last items of

work were performed, and a description of the property subject to the lien.  Administrative Code § 26-305 (4) (a) also requires that HPD's notices include a statement that the expenses were incurred for relocation services.  A lien must be filed within one year of HPD incurring the final covered expense, and liens continue in force for ten years with the option for a ten-year extension by court order if made within the initial ten-year period (Administrative Code of City of NY § 26-305 [4] [b]).

The Lien Law provides two methods by which a property owner may discharge a mechanic's lien.  A property owner may obtain summary discharge of a lien when "it appears from the face of the notice of lien" that the lien is invalid because "the labor or materials furnished" are not lienable or where the notice of lien does not include the information required by Lien Law § 9 or has not been properly filed (Lien Law § 19 [6]).  Alternatively, where the validity of the underlying lien is at issue but the notice of lien is facially valid, an owner can force a foreclosure trial, with the goal of vacating the lien, by serving notice on the lienor demanding commencement of an action to enforce the lien within thirty days (Lien Law §§ 19 [3], 59).  Failure of the lienor to do so results in a court order vacating the lien.

## II.

*Rivera v Department of Housing Preservation and Development*

In 1995, the Fire Department issued a vacate order

affecting the tenants of a building in Brooklyn owned by petitioner Rivera.  As a result, HPD provided these tenants with temporary shelter services in single-room occupancy apartments referred to as "hotels" from June 1995 through December 1999.  In April 2000, within one year from the time that HPD incurred expenses for the last displaced tenant, HPD filed a notice of lien seeking reimbursement of its relocation expenses for two tenants.  In March 2010, HPD applied to renew the lien ex parte, and Supreme Court continued the lien.

In 2012, Rivera filed a petition seeking to summarily vacate the lien.  HPD moved to dismiss the petition and Rivera cross-moved for summary judgment.  Supreme Court granted HPD's motion to dismiss the petition and denied Rivera's cross-motion, holding that HPD's shelter service expenses were lienable, and therefore summary discharge was inappropriate.  Determination of the lien's underlying validity, according to the court, was a matter for a foreclosure trial.  The Appellate Division, Second Department affirmed, holding that where "the notice of lien was not invalid on its face, any dispute regarding the validity of the lien must await trial thereof by foreclosure" (130 AD3d 802 [2d Dept 2015]).

*Matter of Enriquez v*
*Department of Housing Preservation and Development*

In 2010, the Department of Buildings issued a vacate order affecting occupants of the cellar of a building owned by petitioner Enriquez.  As a result, HPD provided relocation

services to a displaced tenant from June 2010 until June 2011. HPD then filed a notice of lien in Supreme Court seeking relocation expenses.

In 2012, Enriquez filed a petition seeking to summarily vacate HPD's lien, arguing that the notice of lien was facially invalid. HPD cross-moved to dismiss the petition. Supreme Court granted HPD's motion to dismiss the petition, holding that the notice was facially valid, the lien therefore could not be summarily discharged, and accordingly any substantive disputes were properly raised in a foreclosure trial. The court rejected Enriquez's additional argument that the lien was not properly served. The Appellate Division, First Department reversed and held that the notice of lien was facially invalid and should be discharged (129 AD3d 405 [1st Dept 2015]). The court held that "HPD's financing of the tenant's residence in a hotel for an entire year was not reasonable" under Administrative Code § 26-305 (2) and that the agency's payment of hotel charges for a displaced tenant for a year did not qualify as "temporary shelter benefits" under 28 RCNY § 18-01 [b] [3]).

This Court granted petitioner leave to appeal in Rivera v Department of Housing Preservation & Development (26 NY3d 919 [2016]) and granted HPD leave to appeal in Matter of Enriquez v Department of Housing Preservation & Development (26 NY3d 918 [2016]) to resolve these conflicting approaches to determinations of facial validity at the summary discharge stage.

III.

We hold that the liens filed by HPD here were facially valid and so summary discharge was not appropriate. An allegedly unreasonable amount of claimed expenses does not render a notice of lien facially invalid. Summary discharge addresses only the facial validity of the notice of lien and leaves disputes regarding the claimed expenses in the underlying liens to be resolved at a foreclosure hearing or trial. We have long held that the extent to which services may be recovered through a mechanic's lien, and therefore the resolution of disputes regarding the expenses claimed in a lien, "should be decided after a trial, and not in a summary proceeding" (Matter of Bralus Corp. v Berger, 307 NY 626, 628 [1954]).

Facial invalidity occurs only in limited circumstances not present here. In both cases at issue, the notices of lien contained all required elements under Lien Law § 9 and Administrative Code § 26-305 (4) (a) and were properly filed. While summary discharge is proper when a notice of lien includes non-lienable expenses (see e.g. Robert Plan Corp. v Greiner-Maltz Co., 229 AD2d 122 [2d Dept 1997]), the notices of lien here demonstrated no such defect. The notices stated that they sought "hotel expenses," "administration costs," and "relocation costs," which sufficed to meet the requirement that the notice contain a statement of "the labor performed or materials furnished." Rather than challenge those categories of expenses as "lienable,"

both Rivera and Enriquez object to the amount claimed for such expenses.  Such a dispute is not properly resolved through a summary discharge proceeding.

To the extent that petitioners do challenge whether temporary shelter services are lienable, such a challenge is also without merit.  The Administrative Code clearly contemplates HPD providing such services to displaced tenants and subsequently seeking reimbursement.  Indeed, as the Appellate Division, Second Department has previously held, in a factually analogous case, "there is no merit to the petitioner's argument that hotel expenses incurred by DHPD for relocating the tenants who vacated the subject premises pursuant to a vacate order issued by the Buildings Department are not recoverable.  DHPD is required to offer temporary shelter to relocatees, and temporary shelter benefits is a separate item, in addition to, moving expenses" (Matter of Retek v City of New York, 14 AD3d 708 [2d Dept 2005]).  The Administrative Code gives HPD broad discretion to determine what services must be provided to displaced tenants and enables HPD to provide temporary shelter services.  When the statute was amended in 1997, the City Council's Committee on Housing and Buildings acknowledged that HPD was entitled to recoup expenses for their "shelter system" and endeavored to make these reimbursements easier for HPD to obtain by allowing HPD to place a lien on a rolling basis while relocation services are being provided (see Local Law No. 65, Report of the Infrastructure

Division at 4 [May 12, 1997]).  This amendment sought to ensure that HPD was able to recover expenses for temporary shelter services from owners who would otherwise avoid the effect of any lien by transferring title to the property before HPD terminated relocation services and was able to secure the lien. Accordingly, there is no merit to the argument that temporary shelter services are not properly lienable expenses.

Similarly meritless is petitioners' argument that the amount of time HPD provided shelter services to these displaced tenants renders the notice of lien facially invalid.  None of the relevant statutes contain any provision limiting the amount of time shelter services may be provided to displaced tenants, and reading any such rule into the process would contravene the legislative intent.  Such an interpretation would also provide an incentive for property owners to delay remedial action in order to exceed any prescribed time period and thereby prevent HPD from recovering the accruing relocation expenses.  Accordingly, any argument that the notice of lien is facially invalid due to the time period for which relocation expenses are sought must fail.

Although the First Department correctly acknowledged that HPD has authority to place a lien for some amount of shelter expenses and noted that "[h]otel expenses are recoverable pursuant to Administrative Code § 26-305," citing to Retek, the court found the amount of charges and the length of time of HPD's provision of shelter services unreasonable (Enriquez, 129 AD3d at

405).  These determinations were made solely on the basis of the
notice of lien and without evidentiary submissions.  But disputes
of this type are properly resolved at a foreclosure trial, during
which property owners are free to argue that claimed relocation
expenses are unreasonable.

The remaining contentions from the property owners are
meritless.  Enriquez argues that HPD's notice of lien is facially
invalid because HPD failed to demonstrate that the displaced
tenant vacated the property in response to the vacate order.
Neither Lien Law § 9 nor Lien Law § 19 (6) require the submission
of extrinsic evidence to accompany a notice of lien or in a
summary discharge proceeding demonstrating that the tenant
vacated the premises because of the vacate order.  To the extent
that the Appellate Division held in Matter of Toolsee v
Department of Housing Preservation & Development (299 AD2d 209
[1st Dept 2002]) that such evidence is required, this holding was
incorrect: no such requirement exists in the statute, and no
additional evidentiary submission is required to avoid summary
discharge.

Rivera argues that ex parte continuance of the lien was
improper and violated his due process rights.  This argument must
also be rejected.  This Court has previously held that the ex
parte filing of an original notice of lien does not violate due
process (Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 43 NY2d
952 [1978]).  It follows that the ex parte continuance of such a

lien likewise cannot be considered a deprivation of due process.

Accordingly, in <u>Rivera v Department of Housing Preservation & Development</u>, the order of the Appellate Division should be affirmed, with costs, and in <u>Matter of Enriquez v Department of Housing Preservation & Development</u>, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

For Case No. 24:  Order affirmed, with costs.  Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Stein, Fahey and Wilson concur.

For Case No. 25:  Order reversed, with costs, and order of Supreme Court, Bronx County, reinstated.  Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Stein, Fahey and Wilson concur.

Decided April 4, 2017