Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC (2019 NY Slip Op 07930)





Matter of Old Post Rd. Assoc., LLC v LRC Constr., LLC


2019 NY Slip Op 07930


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-06454
 (Index No. 52057/18)

[*1]In the Matter of Old Post Road Associates, LLC, appellant, 
v
LRC Construction, LLC, respondent.


Tarter Krinsky & Drogin LLP, New York, NY (David J. Pfeffer, Charles R. Pierce, Jr., and Sean T. Scuderi of counsel), for appellant.
Paul H. Slaney, White Plains, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Lien Law § 19(6) to summarily discharge a mechanic's lien, the petitioner appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated May 9, 2018. The order denied the petition.
ORDERED that the order is affirmed, with costs.
In April 2016, the petitioner, Old Post Road Associates, LLC (hereinafter Old Post Road), considered developing real property it owned in Rye (hereinafter the property). At that time, Old Post Road engaged the respondent, LRC Construction, LLC (hereinafter LRC), to perform preconstruction management services in connection with the project. Old Post Road terminated LRC's services in March 2017, and LRC was not retained to provide construction management services for the project.
On August 14, 2017, LRC filed a notice of mechanic's lien against the property, alleging that it was owed the sum of $250,000 for preconstruction management services. In February 2018, Old Post Road, by the filing of an order to show cause and petition, commenced this proceeding pursuant to Lien Law § 19(6) to summarily discharge the mechanic's lien. In the petition, Old Post Road alleged, inter alia, that LRC's mechanic's lien was invalid on its face, since the preconstruction management services provided by LRC could not form the basis of a mechanic's lien. LRC opposed the petition. The Supreme Court denied Old Post Road's petition to summarily discharge the mechanic's lien, reasoning that in the absence of clear case law precluding mechanic's liens for all the types of work described by LRC in its opposition, the mechanic's lien was "not entirely invalid on its face." Old Post Road appeals.
Lien Law § 19(6) provides, in pertinent part, that a lien may be discharged as follows: "Where it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, . . . the owner or any other party in interest, may apply . . . for an order summarily discharging of record the alleged lien." Thus, to be summarily discharged, the notice of lien must be invalid on its face (see Rivera v Department of Hous. Preserv. & Dev. of the City of N.Y., 29 NY3d 45, 51; Matter of Gold Dev. & Mgt., LLC v P.J. Contr. Corp., 74 AD3d 1340, 1341; Matter of Northside Tower Realty, LLC v Klin [*2]Constr. Group, Inc., 73 AD3d 1072, 1072). When there is no defect on the face of the notice of lien, any dispute regarding the validity of the lien must await the lien foreclosure trial (see Rivera v Department of Hous. Preserv. & Dev. of the City of N.Y., 29 NY3d at 51; Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC, 83 AD3d 1073, 1074).
Lien Law § 3 provides, in pertinent part, that a contractor "who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved." The term "improvement," as defined in Lien Law § 2(4), "includes the demolition, erection, alteration or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property or materials furnished for its permanent improvement, . . . and shall also include the drawing by any architect or engineer or surveyor, of any plans or specifications or survey, which are prepared for or used in connection with such improvement."
In support of the petition, Old Post Road showed that certain services performed by LRC, including consulting with agents of Old Post Road regarding, inter alia, construction phasing and the preparation of construction budgets, were services which could not form the basis of a mechanic's lien (see Goldberger-Raabin, Inc. v 74 Second Ave. Corp., 252 NY 336, 341-342; Chas. H. Sells, Inc. v Chance Hills Joint Venture, 163 Misc 2d 814, 815 [Sup Ct, Westchester County]; Carl A. Morse, Inc. v Rentar Indus. Dev. Corp., 85 Misc 2d 304, 309 [Sup Ct, Queens County], affd 56 AD2d 30, affd 43 NY2d 952). In opposition to the petition, however, LRC submitted the affidavit of its president, who averred that LRC was a construction management firm which employed construction professionals, architects, and engineers, and that, in addition to the consulting services it rendered, LRC also prepared "site logistics and access plans" for the property, and performed "a constructability review for the project" at the property. Affording the Lien Law its liberal construction to protect the beneficial interests of lienors (see Lien Law § 23), those services could qualify as an "improvement" if the site logistics, access plans, or constructability review included drawings by an architect or engineer, even if such were prepared preconstruction (see Lien Law § 2[4]; Chas. H. Sells, Inc. v Chance Hills Joint Venture, 163 Misc 2d at 815).
Since LRC would be entitled to file a mechanic's lien if its architects and/or engineers prepared the site logistics, access plans, or constructability review, the mechanic's lien is not invalid on its face (see Lane Constr. Co., Inc. v Chayat, 117 AD3d 992, 993). Accordingly, the dispute regarding the validity of the mechanic's lien must be resolved at the lien foreclosure trial (see Rivera v Department of Hous. Preserv. & Dev. of the City of N.Y., 29 NY3d at 51; Matter of Luckyland [N.Y.], LLC v Core Cont. Constr., LLC, 83 AD3d at 1074). Thus, we agree with the Supreme Court's determination denying Old Post Road's petition to summarily discharge the mechanic's lien filed by LRC.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court